Brown, Randall & Co. vs. H. F. & W. P. Broach.

1. Bankruptcy : *Discharge from fraudulent debts.*
To prevent a debt from being discharged in bankruptcy on account of fraud of bankrupt in creating it, the debt must be tainted with fraud in its inception. If the contract was fair and honest when made, although the debtor may subsequently be guilty of fraudulent conduct in respect to it, yet such conduct does not destroy the benefit of the discharge.

2. Partnership : *Dissolution thereof. Note by one of old firm.*
After the dissolution of a partnership none of its members have power to issue notes in the firm name, so as to bind the firm, without their consent. Such paper only binds the members who sign the partnership name.

3. Discharge in Bankruptcy : *Pleading thereof.*
It is bad pleading to aver in the declarations the grounds relied on to avoid a discharge in bankruptcy. Such matter should be set up in the replication to the plea of discharge.

Error to the Circuit Court of *Lauderdale* County.

Hon. Robert Leachman, Judge.

The material facts in this case are very fully stated in the opinion of the court.

It is assigned for error:

1. The court erred in sustaining the demurrer to the 2d plea to the amended declaration.

2. In sustaining the demurrer to the 3d plea of defendants.

3. In sustaining demurrer to defendants' 4th plea.

4. In sustaining the demurrer to the 1st and 2d pleas filed under the order to plead further at May term, 1875.

*J. J. Shannan,* for plaintiffs in error.

*Hamm & Fewell,* for defendants in error.

SIMRALL, C. J., delivered the opinion of the court.

H. F. Broach and W. P. Broach, with F. Brown and J. M. Roberts, constituted the commercial partnership under the name of Broach, Brown & Co., doing business at Meridian. On the 9th of January, 1871, the plaintiffs, H. F. Broach and W. P. Broach, sold out their interest in the goods and business and assets to S. J. Randall and J. J. Griffin, with the advice and concurrence of W. F. Brown and J. M. Roberts, with whom a new partnership was formed, under the name of Brown, Randall & Co., which undertook and promised to pay the indebtedness of Broach, Brown & Co., and hold the plaintiffs harmless.

Of the debts so agreed to be paid was one of $6,000 to J. H. Garner, of Mobile, existing in the form of an open account.

The defendants did not pay this debt, but in fraud of the plaintiffs' rights, and without their consent or knowledge, made to Garner certain notes fraudulently signed with the name of Broach, Brown & Co., thereby continuing the liability of plaintiffs for said debt.

Brown, Randall & Co. were payees of these notes, who indorsed them, waiving notice, etc., and delivered them to Garner. In that form they were several times renewed. The defendants represented to the plaintiffs that they had paid the debt, which was untrue.

But the liability of the plaintiffs was continued without their knowledge until the 2d of June, 1872, when the defendants became insolvent and filed their petition in bankruptcy. Garner brought suit on the notes, and plaintiffs were compelled to pay $1,200 on the notes and $500 attorney's fee for defending the suit. Because of the conduct of the defendants, the plaintiffs took no step to compel them to pay the debt.

The 2d count alleges, in addition to the foregoing, that defendants repeatedly informed the plaintiffs that they had assumed the debt and had procured the plaintiffs' discharge therefrom, and induced plaintiffs so to believe. Therefore plaintiffs took no steps to compel the defendants to pay the debts, and were not aware of non-payment until the defendants became bankrupt.

On the general issue there was verdict and judgment for the plaintiffs.

1. The 1st special plea was a discharge in bankruptcy.

2. The 2d special plea is that defendants did not, in fraud of plaintiffs' rights and without their knowledge, execute the notes to Garner, but aver that at the date of its dissolution the firm of Broach, Brown & Co. was indebted to Garner by open account, who desired to have it closed by note, but refused to take the note of Brown, Randall & Co.; whereupon two of defendants, W. F. Brown and J. M. Roberts, who were members of the firm of Broach, Brown & Co., signed the name of that firm in liquidation, not fraudulently and without the knowledge of the plaintiffs, of all which the plaintiffs at the time had knowledge, and that said liability was not extinguished; deny that they had falsely stated that they had paid or settled all the debt to Garner, or that plaintiffs were thereby prevented from taking steps to compel defendants to pay the debt. Plaintiffs knew that the debt was unpaid during the year 1871, and up to the 2d June, 1872.

3. The 3d special plea says that the name of Broach, Brown & Co. was signed to the note by Brown and Roberts, and so was the indorsement of Brown, Randall & Co., because Garner

would not take the note of the latter firm, all of which was known to the plaintiffs the 2d June, 1872, when the defendants were adjudicated bankrupts; that the payment of $1,200 to Garner was voluntary, on account of a promise of defendants which was made prior to the 2d June, 1872, and was a provable debt in bankruptcy against defendants, not created by the fraud of the defendants, or included in any of the exceptions taken under that act.

The plaintiffs demurred to these pleas for many reasons.

To the 1st, because the discharge was sustained within six months after the petition was filed.

It presents no defense.

It contains no answer to the declaration.

Because the plaintiffs seek to recover damages for the fraud of the defendants, etc.

Because the plaintiffs' claim was not provable under the bankrupt act, etc. It is said that the discharge in bankruptcy is not a bar to the action because the debt was created in fraud. The act provides, " No debt created by the fraud or embezzlement of the bankrupt, * * * etc., shall be discharged by proceedings in bankruptcy."

The debt must be tainted with fraud in its inception. The vice must come into existence with the debt.

If the contract was fair and honest when made, although the debtor subsequently may be guilty of fraudulent conduct in respect of it, yet such conduct does not cut off the benefit of the discharge.

The liability which the defendants assumed was that they would pay the debts of Broach, Brown & Co., and hold the plaintiffs harmless.

It is not averred that there was any fraud in this contract. There is no complaint of that sort.

The fraud consisted in the false statements inducing plaintiffs to believe that they were discharged when they were not. This deceit was after the contract had been created, and formed, of course, no inducment or element of it.

The averment is that the liability of the plaintiffs was continued to Garner by the new notes, which were executed without the plaintiffs' knowledge.

The partnership of Broach, Brown & Co. was dissolved by the withdrawal of the plaintiffs and the formation of the new firm. There was no legal liability of the plaintiffs in these new notes. After the dissolution of the firm of Broach, Brown & Co. none of its members had power to bind the plaintiffs, without their consent, by making and issuing new notes in the firm name. Such paper only bound the members who signed the partnership name. Maxey v. Strong et al. (MSS.), at this term. The declaration is obscure in not averring whether the plaintiffs were compelled to pay $1,200 to Garner by recovery of a judgment, or by compromise under stress of suit. We suppose the latter to be meant, for certainly a recovery ought and could not have been had on the notes against the plaintiffs.

But, when closely analyzed, it is not easy to see precisely how the plaintiffs were damnified by the acts complained of.

When they sold to the defendants their interest in the assets and business of Broach, Brown & Co. they still remained the debtors of Garner. Brown, Randall & Co. covenanted to pay that debt and hold the plaintiffs harmless. They parted with their interest in the assets and property for that covenant.

Certainly the plaintiffs have been seriously injured by the failure of Brown, Randall & Co. to perform their covenant. But the special grievance is that they deceived the plaintiffs and induced them to believe they were discharged, and kept up the deceit until the defendants became bankrupt, whereby the plaintiffs were prevented from taking steps to compel them to observe their covenant.

But if the falsehood had not been practiced, and the plaintiffs had been aware that Garner's debt had not been paid, what steps could they have taken to compel performance? They might have sued for breach of the covenant, but what would have been the damages they had suffered if they had paid nothing to Garner? If they had paid off the debt they

could have recovered the money back, as damages, in a suit on the covenant.

The plaintiffs parted with the property on the consideration that their vendees would pay off the debts of the old firm.. They still continued liable. In any suit at law the plaintiffs could only have got nominal damages unless they had sus-. tained substantial harm by paying these debts. They had no remedy in chancery to compel a specific performance. There they would have been told their redress was complete at law. We think the plea of discharge in bankruptcy is a good bar to the action.

We repeat the suggestion that the better and more logical pleading would have been for the plaintiffs not to have attempted to avoid the discharge in bankruptcy by averments. in the declaration, but to have replied such matter in response. to the plea. It is much to be desired, for the harmony and. symmetry of pleading, that that course shall hereafter be adopted. That view was lately expressed in Horne v. Jacob-. son, Wolff & Co. (MSS.) We avail of this occasion to reiter-. ate it.

We conclude that the declaration does not set out a cause of action from which the defendants were not released by their discharge in bankruptcy. Instead of sustaining the demurrer to the 1st special plea, it ought to have been carried back,. applied, and sustained to the declaration.

That is the judgment of this court.