## BANK OF NORTH AMERICA, *Appellant*, v. CRANDALL.

1. **Fraud in Creation of Debt : DISCHARGE IN BANKRUPTCY.** Where worthless and fraudulent bonds are knowingly given as security for a debt at the time of its creation, this will constitute such fraud as will bring the case within the exception of the bankrupt act, and prevent a discharge in bankruptcy from operating as a bar to a recovery for the debt.

2. **Fraud.** Where one intentionally misrepresents a material fact, or produces a false impression in order to mislead another, or to entrap or cheat him, or to obtain an undue advantage of him, it will constitute positive or actual fraud in the truest sense of the terms. And the misrepresentation is not confined to words, or positive assertions, but may consist of deeds, acts, or artifices to mislead.

3. **Fraud After Creation of Debt.** Where the fraud, occurred long after the creation of the debt, and at the time of the execution of a note evidencing the debt, it will not come within the purview of the bankrupt act.

4. **Evidence : ADMISSION.** A party is not bound to accept in evidence an admission in lieu of a record, when the admission is not broad enough to embrace all the facts disclosed by the record, and the parol admission of a party made *in pais* is competent evidence only of those facts which may lawfully be established by parol evi-

dence, and cannot be received to supply the place of existing evidence by matter of record.

5. **Record Evidence : FRAUD.** A decree, admissible in evidence as tending to show that a debt was fraudulently contracted, loses none of its probative force and conclusiveness because entered long after the debt was created, and the note evidencing it was executed.

6. **Instruction.** An instruction is erroneous which assumes the existence of a fact.

### *Appeal from St. Louis Court of Appeals.*

REVERSED.

*Hermann & Reyburn* and *W. C. Marshall* for appellant.

(1) The fraud spoken of in the bankrupt act involves, it is true, moral turpitude, but it need not amount to a crime. It is a fraud of the same character as would entitle the party defrauded to rescind a contract on account of it. *Stewart v. Emerson,* 52 N. H. 301 ; *In re Devoe,* 2 Bank Reg. 27 ; *Harner v. Spelman,* 78 Ill. 206 ; *Morse v. Hutchins,* 102 Mass. 439. The fraud may consist either in the statement of a known falsehood, or in the concealment of material facts. *Stewart v. Emerson, supra.* (2) A record is conclusive of all the material facts litigated therein against the parties thereto. *Lawrence v. Hunt,* 10 Wend. 80 ; *Walsh v. Ostrander,* 22 Wend. 180 ; *Kreheler v. Ritter,* 62 N. Y. 374 ; *Thompson v. Roberts,* 24 How. (U. S.) 233 ; *Corcoran v. Canal Co.,* 4 Otto, 740 ; *In re Chiles,* 22 Wall. 166. (3) The chief manager of a corporation will not be permitted to set up his own ignorance of those transactions which fall within his own sphere of action. *Wannel v. Kem,* 57 Mo. 478, and cases there cited ; *Union National Bank v. Hunt,* 76 Mo. 445. (4) It is an inflexible rule of law that no secondary evi-

dence is admissible where it is shown that better evidence is in existence; especially when it is within the reach or control of the party. A party cannot be compelled to accept an admission as to what facts a record will establish in lieu of the record itself. *Sims v. Gray*, 66 Mo. 613; *Slate v. Fulkerson*, 10 Mo. 682; 1 Greenl. on Evid., secs. 96 and 203; *Goodell v. Smith*, 9 Cush. 594; *Dickinson v. Breeden*, 25 Ill. 186; *Wood v. Cullen*, 13 Minn. 394. (5) An instruction which assumes the existence of a fact, concerning which there is no evidence, is erroneous, although it may state correctly an abstract proposition of law. *Lester v. K. C., St. J. & H. Ry.*, 60 Mo. 268; *Condin v. Mo. Pac. Ry.*, 78 Mo. 574; *Chubbuck v. H. & St. J. Ry.*, 77 Mo. 592; *Utley v. Tolfrey*, 77 Mo. 309; *Bowen v. H. & St. J. Ry.*, 75 Mo. 428.

*Thos. C. Fletcher* and *Wm. C. Bragg* for respondent.

(1) All the facts in the case consist with honesty and fair dealing in contracting the debt on the part of respondent. The burthen of proving that the debt was created by fraud, was on the plaintiff, and cannot be presumed, but must be proven by competent testimony. *Ames v. Gilmore*, 59 Mo. 537; *Henderson v. Henderson*, 55 Mo. 534. (2) The word "fraud," as used in the thirty-third section of the bankrupt law, which provides that "no debt created by the fraud, etc., of the bankrupt, etc., shall be discharged under this act," means positive fraud in fact, involving moral turpitude, or intentional wrong, and not implied fraud, or fraud in law, which may exist without bad faith, or immorality. *Neal v. Clark*, 95 U. S. 704. It means an active, expressed fraud, not one implied from an unjustifiable act, as, for instance, the conversion of securities held by one as collateral, etc. *Henequin v. Clews*, 77 N. Y. 427. The debt must be tainted with fraud in its inception. The vice must come into existence with the

debt.   If the contract was fair and honest when made, the discharge will release the bankrupt, even though he was guilty of fraudulent conduct subsequently, in respect to the debt.   *Brown v. Beach*, 52 Miss. 536 ; *Wolf v. Stix*, 99 U. S. (9 Otto) 1.

SHERWOOD, J.—This is an action on a promissory note for the sum of $11,384.56.   The answer and the replication of the defendant narrowed the issues down to the single one, whether there was fraud in contracting the debt, evidenced by the note, thus preventing defendant's discharge in bankruptcy from being a bar to plaintiff's action.   There was a trial by a jury resulting in a verdict for the defendant, and judgment accordingly, and on appeal this judgment was affirmed.

There is ample evidence in the record, consisting of defendant's own admissions when on the witness stand, showing that when the debt was originally contracted the bonds of the Iron Mountain & Texas Railway Company, were pledged as collateral for that debt. If this pledging was done *malo animo*, knowing the worthlessness of the collaterals, and the fraudulent circumstances attendant on their origin, this would clearly constitute such fraud as would bring the case within the exception of the bankrupt act, and prevent a discharge from operating as a bar.   *Stewart v. Emerson*, 52 N. H. 301 ; *Morse v. Hutchins*, 102 Mass. 439 ; Bump on Bankruptcy, 728, 729, and cases cited.   Viewing the matter in this light the trial court very properly submitted the issue to the jury for them to determine, as triers of the facts, whether or not fraud was mingled with the debt at its inception, thus tainting the whole transaction.   And if a party intentionally misrepresents a material fact, or produces a false impression in order mislead another, or to entrap or cheat him, or to obtain an undue advantage of him, this constitutes positive or actual fraud, in the truest sense of the terms.

And the misrepresentation is not confined to words or positive assertions; it may well consist of deeds, acts or artifices to mislead. 1 Story Eq. Jur., sec. 192. Of course, if the fraud occurred long after the debt was contracted, at the time the note which evidenced the debt was executed, such fraud would not come within the purview of the bankrupt act. *Brown v. Broach*, 52 Miss. 536; *Wolf v. Stix*, 99 U. S. 1.

There was error in refusing to permit the plaintiff to introduce in evidence the record of the decree in suit of the *Cape Girardeau & State Line Railroad Company v. Eli J. Crandall*, the defendant, and others. And the plaintiff was not bound to accept the admission of defendant in lieu thereof. The admission was not broad enough to embrace all the facts which that record disclosed; and if it had been sufficiently comprehensive in this particular, it would not preclude the plaintiff of his strict legal right to have the record read; for it is the rule that the " parol *admission* of a party made *in pais* is *competent evidence* only of those facts which may lawfully be established by parol evidence; it cannot be received * * * to supply the place of existing evidence by matter of record." 1 Greenl. on Evid., sec. 203. The record in question contained many things not even remotely referred to in the admission, all tending to establish, on the part of the defendant, fraud and knowledge thereof, in the issue of the bonds. Fraud was the only issue before the jury, and as fraud is established very frequently by such an infinite variety of circumstances, often by "trifles light as air," that it is all important that every detail, however minute, should be spread before the triers of the facts. And it is altogether immaterial that the decree which that record contained was entered long after the debt was created, and long after the note was executed; this circumstance did not abate, by one jot or tittle, the probative force and conclusiveness of that decree.

As to the instructions : The fourth clause of the instruction given by the court, at its own instance, is erroneous in that it assumes the existence of a fact, to-wit: that there was evidence that the indebtedness of the defendant to plaintiff had accrued before the bonds were hypothecated as collateral security. The only evidence on this point is that already set forth respecting defendant's testimony. The other clauses of the instruction given by the court, of its own motion, are well enough, if, as seems to be the case, they do in no way come in conflict with the decree rendered in the suit already mentioned. And it would be well to specify, by an instruction, the findings of that decree in so far as they bear on the present controversy.

For the errors mentioned the judgment will be reversed and the cause remanded. All concur.