MAURICE McKEAG, Executor of the will of STEPHEN NOLAN, Deceased, Appellant, v. H. PIEDNOR, JR., Respondent.

### St. Louis Court of Appeals, April 12, 1898.

1. **Will:** POWER OF EXECUTOR TO SELL LAND: STATUTE OF FRAUDS: SUFFICIENT MEMORANDUM: EVIDENCE. Plaintiff as executor under the will acted as auctioneer in the sale of the property under the will, and after the bidding was over he asked the defendant how his name was spelled. Thereupon the defendant wrote the following on a slip of paper, "H. Piednor, Jr., $505." *Held*, that this is an insufficient memorandum of the sale.

2. ————: ————: SUFFICIENCY OF MEMORANDUM. To satisfy the statute of frauds the memorandum must contain a description of the land, the terms of the sale, and the names of the seller and buyer.

3. ————: ————: EARNEST MONEY: RIGHT TO RECOVER THE SAME FOR FRAUD IN THE SALE. The right of the purchaser of land to recover back earnest money, when the sale is procured by fraud, is recognized as the law of the state.

4. ————: ————: ————: EVIDENCE OF FRAUD. That the alleged statements of the plaintiff in this case were calculated to mislead bidders and induce them to bid on the property under the belief that they would get a marketable title, is plain.

*Appeal from the St. Louis Circuit Court.*—HON. HORATIO D. WOOD, Judge.

AFFIRMED.

No briefs furnished.

BIGGS, J.—The plaintiff qualified as the executor of the will of Stephen Nolan, deceased. By the terms of the will he was authorized to sell the property of the the estate for the purpose of distribution. Acting under the power thus conferred he advertised and sold

at public auction certain real estate as the property of his decedent. The defendant attended the sale and bid off the property at the sum of $505. He paid $100 on the bid. The next day after the sale the plaintiff made out and tendered to him a deed for the property and demanded the balance of the bid. He refused to pay, and thereupon the plaintiff brought this suit for its recovery. The defendant interposed the defenses that the deceased had no title to the land; that the plaintiff by fraudulent and false representations induced the defendant to bid on the property, and that STATEMENT. no such memorandum of the sale was made as is required by the statute of frauds. The defendant also asked for a judgment against the plaintiff for a return of the earnest money paid by him. Under the instructions of the court the issues were found for the defendant and a verdict was returned in his favor for $105, the amount so paid by him as aforesaid, with six per cent interest added, and judgment was entered thereon. The plaintiff has appealed.

Concerning the alleged memorandum of the same, the evidence shows that the plaintiff acted as auctioneer, and after the bidding was over he asked the defendant how his name was spelled. Thereupon the defendant wrote the following on a slip of paper, "H. Piednor, Jr., $505." That this is an insufficient memorandum of the sale can not be questioned. All of the authorities are to the effect that to MEMORANDUM: sufficiency of. satisfy the statute the memorandum must contain a description of the land, the terms of the sale, and the names of the seller and buyer. Ringer v. Holtzclaw, 112 Mo. 519; Rucker v. Harrington, 52 Mo. App. 481. It is clear that the plaintiff can not recover the balance of the bid. The only remaining question is the right of the defendant

to recover back the earnest money. Concerning the statements and conduct of the plaintiff at the sale and by reason of which the defendant claims that he was entrapped into bidding on the land, the evidence tended to prove that at the time the property was offered for sale, the plaintiff held in his hand a paper, which he represented was a mortgage to secure $1,000 which had been borrowed by deceased on the credit of the property, and that he (plaintiff) had just paid off the debt and satisfied the mortgage. The evidence also tended to show that no such amount had been borrowed by deceased; that the mortgage was not outstanding when Nolan died; that the plaintiff did not pay anything in satisfaction of it, and that the deceased held only a life estate in the property in question, and that the plaintiff was advised of all these facts at the time of the sale. Under this testimony the circuit court of its own motion gave the following instruction, of which the plaintiff complains. "If the court sitting as a jury believes from the evidence that the plaintiff, as the executor of the estate of Stephen Nolan, deceased, knew at the time of the sale in controversy that said Nolan, under the deed dated July 1st, 1875, wherein Elizabeth Tracy as grantor conveyed the premises in controversy to Daniel Dillon as trustee of Stephen Nolan and John Holden, held only a life estate in the

INSTRUCTION. premises sold; that at such sale he exhibited a deed of trust for one thousand dollars, covering the property sold, and represented that he had just paid the same and caused it to be released; that said deed of trust had in point of fact simply been executed by said Nolan to be used by him as collateral security, and had been found by the plaintiff in the deposit box of said Nolan; and that the said deed of trust had never been delivered by said Nolan; and if the court further finds that all the facts

aforesaid as to said deed of trust were known to the plaintiff at the time of sale, and unknown to the defendant, and that the defendant in bidding at said sale relied upon the representation as to said deed of trust made at the sale, and believed the same to be true, and was thereby induced to make the bid of five hundred and five dollars for said property, then the plaintiff is not entitled to recover and defendant is entitled to recover upon his counterclaim, if in point of fact the representations made by plaintiff at said sale were untrue.''

The right of the purchaser of land to recover back earnest money, where the sale was procured by fraud, is recognized by the supreme court in the case of Nearen v. Bakewell, 110 Mo. 645. Also in the case of McDonald v. Lynch, 59 Mo. 350, the plaintiff was allowed to recover money paid on a parol contract for the sale of land where there had been a misunderstanding between the parties as to the terms of the sale. The law of these cases can not be questioned. That the alleged statements of the plaintiff in the present case were calculated to mislead bidders and induce them to bid on the property under the belief that they would get a marketable title, is plain. (Bank v. Crandall, 87 Mo. 208.) The court found that the plaintiff made the statements. Under the finding the defendant was entitled to a judgment for the money that he had paid. With the concurrence of the other judges the judgment of the circuit court will be affirmed. It is so ordered.