JENKINS *v.* PILCHER.

BANKRUPTCY—FRAUD AND DECEIT—EFFECT OF FRAUDULENT REP-
RESENTATIONS IN OBTAINING POSSESSION OF NOTE.

Bankruptcy proceedings are a bar to an action for fraud and
deceit brought by a creditor of the bankrupt who is alleged
to have obtained possession of the creditor's note by fraud
although without a cancellation or release of the indebted-
ness, where the declaration alleges that his discharge will be
soon obtained by the bankrupt; since the cause of action
remains and is enforceable in bankruptcy, and no damage
accrued from the surrender of the instrument.

Error to Wayne; Hosmer, J.    Submitted January 14,
1910.    (Docket No. 74.)    Decided March 19, 1910.

Case by Isaac G. Jenkins against Frank E. Pilcher for
fraud and deceit.    An order sustaining a demurrer is re-
viewed by plaintiff on writ of error.    Affirmed.

*William H. Wetherbee*, for appellant.

*Jackson, Millis, Culver & Griffin*, for appellee.

BLAIR, J.    Plaintiff prosecutes his writ of error in this
case to reverse the judgment sustaining the defendant's
demurrer to his declaration.

The declaration alleges, in substance, that, for the pur-
pose of aiding defendant to obtain a medical education,
secure his admission to the practice of his profession, and
support him while acquiring a practice, plaintiff loaned to
defendant the sum of $3,487.50, for which he took his note
payable after date, with the understanding that defendant
should repay the loan as soon as he should become estab-
lished in the practice of medicine and surgery; that de-
fendant failed to pay the note as agreed, and plaintiff
brought suit against him " in the circuit court for

said county of Wayne in an action of assumpsit * * * for the recovery thereof;" that, for the purpose of getting possession of the said note and terminating the said suit, and in order that he might get time to fraudulently dispose of, conceal, and cover up his property, and later obtain his discharge in bankruptcy and defeat the collection of plaintiff's debt, defendant on the 16th of November and on previous days fraudulently represented "that he, defendant, during a considerable time then immediately preceding had done and transacted considerable business in his said practice and profession, but that all the money he had been able to collect and realize from his said business was the sum of $15 during the last preceding month, which constituted his income for that month, and that he, defendant, was wholly unable from his then said income to make any payment upon said indebtedness so owing to plaintiff as aforesaid; that, if said plaintiff would surrender up said promissory note and return the same to him, defendant, and take no judgment in said cause, record and file number 43,611, and consider the same ended, he, the said defendant, would be greatly aided and assisted thereby, and would then and there be enabled to make, and would make, regular considerable payments upon said indebtedness so owing to plaintiff for the recovery of which said action was brought, * * * would make considerable and substantial payments upon said indebtedness, and would soon pay the entire amount thereof, if he were not annoyed, hindered, and prevented by actions or proceedings brought for collection and enforcement of the same;" that plaintiff, relying upon the fraudulent representations, turned back the note, took no judgment, and "considered said action at an end, * * * and, relying upon the same, was led and induced to, and did, delay, prolong, and put off bringing any other or further action against defendant for the recovery of said several sums until the 18th day of April, 1906, when he began a similar action in said circuit court, and, before judgment

could be recovered therein, said defendant had matured, carried out, and fulfilled his fraudulent plans and intentions, as aforesaid stated, to collect, receive, and obtain from his, defendant's, said business, practice, and profession of medicine and surgery, divers other large sums of money, to wit, the sum of $10,000 and upwards, and to unlawfully, wrongfully, and fraudulently assign, conceal, secrete, and dispose of the same, and place the said sums beyond plaintiff's knowledge and ability to trace the same, and thereafter to go through bankruptcy and secure discharge from the payment of his just debts, and particularly from his said indebtedness to plaintiff.

"And plaintiff further avers that said statements, representations, pretenses, and promises so made by defendant as aforesaid were then and there false and untrue, that defendant's said promises to make regular considerable payments upon said indebtedness so owing by him to plaintiff were then and there a mere subterfuge designedly made in connection with said statements, representations, and pretenses, as part and parcel thereof, and of the general scheme therein embraced to cheat and defraud him, said plaintiff, and with the preconceived and well matured intention on the part of defendant not to carry out and fulfill the same or any part thereof, and not to make any payments whatsoever upon said indebtedness; that the said defendant then and there at the time of making said false, unlawful, deceitful, and fraudulent statements, representations and pretenses concerning his said income was receiving in money from his said business practice and profession of medicine and surgery an income of nearly $500 per month; that the said defendant in the month of October, 1903, collected, received, and obtained from his said business the sum of $493.75 or thereabouts, and that during the year then immediately preceding the said defendant collected and received from his said business $300 and upward in money per month; that since the said 16th day of November, 1903, and up to the time of filing his petition in bankruptcy, the said defendant had received, collected, and obtained

from his said business as income therefrom more than $12,500 in money, and that said defendant during said time, assigned, concealed, secreted, and disposed of the greater part thereof, to wit, of the sum of $8,000 and upwards, with the intention of going through bankruptcy at such opportune time as presented itself, for the purpose of obtaining a discharge from the payment of his just debts, which he is entirely able to pay, and particularly from his said indebtedness to plaintiff, and that said defendant did, on, to wit, the 22d day of October, 1907, or about that date, and before judgment could be recovered in said second action, begin proceedings in the bankruptcy court of this jurisdiction, scheduling but a few debts of small amounts in addition to his said indebtedness to plaintiff; that said bankruptcy proceedings are still pending undetermined, and that in due time the said defendant will procure his coveted discharge.    *    *    *

"And plaintiff further avers that he but lately learned that the said statements, representations, pretenses, tokens, and promises so by the said defendant made as aforesaid were wholly designedly false and untrue." The declaration further avers that defendant, by means of his fraudulent practices and representations, "did then and there designedly, unlawfully, falsely, and fraudulently deprive him, plaintiff, of said promissory note and the said action at law thereon based, and did further designedly, unlawfully, falsely, and fraudulently deprive him, plaintiff, of all further effort, action, and proceeding to enforce, compel, and collect payment of said indebtedness during the time aforesaid when he, defendant, received and collected the said sum of $12,500 and upwards of his, defendant's, money, and then and there and thereafter by means of said bankruptcy proceeding the said defendant did designedly and intentionally fraudulently deprive him, said plaintiff, of all action and proceeding to enforce, compel, and collect payment of said indebtedness; wherefore, by reason of the promises, the said plaintiff was cheated and defrauded of said divers

large sums of money, and has been damaged in a large sum, to wit, at the county of Wayne aforesaid, to his, the said plaintiff's damage, $10,000."

Among the causes of demurrer assigned are the following:

"(21) Because the adjudication in bankruptcy of said defendant on October 22d, 1907, and the consequent discharge of defendant's liability to said plaintiff, is pleaded in said declaration.

"(22) Because in so pleading plaintiff admits that his claim, if any, was a provable debt, from which bankruptcy of defendant is a discharge.

"(23) Because it nowhere appears in said declaration that defendant failed to turn over and account to his trustee in bankruptcy all of his assets.

"(24) Because plaintiff himself admits in said declaration that his failure to collect all that was due him from defendant prior to defendant's adjudication and discharge in bankruptcy was due to his own laches.

"(25) Because plaintiff admits in said declaration that the bankruptcy of defendant is a discharge of his alleged claim."

Although the record does not disclose the ground upon which the circuit court sustained the demurrer, plaintiff states such ground in his brief as follows:

"The decision in the lower court was based upon the effect of defendant's discharge in bankruptcy. Had it turned upon any point which would have left defendant in court after amendment, the case would not now be in this court."

It is apparent from the declaration that plaintiff has never parted with his original cause of action. Whether at the time of surrendering the note he took a new note in its place, as claimed by defendant, does not appear, but, at least, it does appear that he retained his cause of action and commenced a similar suit to the original suit thereon and was entitled to and would have proceeded to judgment except for the bankruptcy proceedings. As the defendant admitted the cause of action by

160 MICH.—23.

scheduling the debt, it is clear that plaintiff suffered no damage by merely surrendering the note. The plaintiff did not lose his cause of action and have remaining an action of fraud and deceit alone because of the bankruptcy proceedings. The enforcement of his cause of action was merely transferred to another forum, and the trustee in bankruptcy "is subrogated to the rights of creditors and may sue to avoid any conveyance which a creditor could have avoided, although made more than four months prior to the adjudication of bankruptcy." Collier on Bankruptcy (6th Ed.), p. 612, par. 6; *In re Mullen*, 101 Fed. 413; *Bush* v. *Storage Co.*, 136 Fed. 918; *In re Gray*, 47 App. Div. (N. Y.) 554 (62 N. Y. Supp. 618); *Beasley* v. *Coggins*, 48 Fla. 215 (37 South. 213).

In view of the allegations of the declaration that the defendant is really the owner of much more than sufficient property to satisfy his claim and all other claims which can be collected by the trustee as well as by himself, it is not apparent how the plaintiff has been injuriously affected by the bankruptcy proceedings, or why he could not have collected his claim in full if he had seen fit to file it against the bankrupt's estate. But, however this may be, we are satisfied that the declaration shows an indebtedness or liability provable against the bankrupt's estate, and that, therefore, the bankrupt's discharge would terminate his liability. *U. S.* v. *Rob Roy*, 1 Woods (U. S.), 42 (Fed. Cas. No. 16,179); *In re Blumberg*, 94 Fed. 476; *Wolf* v. *Stix*, 99 U. S. 1; *Hennequin* v. *Clews*, 111 U. S. 676 (4 Sup. Ct. 576); *Crawford* v. *Burke,* 195 U. S. 176 (25 Sup. Ct. 9); *Tindle* v. *Birkett*, 205 U. S. 183 (27 Sup. Ct. 493); Collier on Bankruptcy (6th Ed.), p. 224; *Brown* v. *Broach*, 52 Miss. 536; *Bank of North America* v. *Crandall*, 87 Mo. 208; *Hatten* v. *Speyer*, 1 Johns. (N. Y.) 41.

The declaration alleging the pendency of the bankruptcy proceedings "and that in due time the said defendant will procure his coveted discharge," we think the

case may be considered as though the declaration alleged a discharge.

Since such discharge in our opinion would be a bar to the maintenance of the action, the judgment sustaining the demurrer is affirmed.

HOOKER, MOORE, McALVAY, and BROOKE, JJ., concurred.