Cromwell *et al.* agt. Burr.

## N. Y. COMMON PLEAS.

WILLIAM H. CROMWELL *et al.*, plaintiffs and appellants, agt. GEORGE L. BURR, defendant and respondent.

*Discharge in bankruptcy and by composition proceedings — Pleadings.*

A discharge in bankruptcy may be pleaded by a simple averment, that on the day of its date it was granted to the bankrupt, setting forth a copy thereof. In such a case it is not necessary for the defendant to allege the facts which show that the court of bankruptcy had jurisdiction of the party or of the subject-matter.

All other proceedings which are relied upon to discharge a bankrupt from his debts must, when pleaded, be accompanied by averments which show that the court in which they were taken had jurisdiction of the parties and of the subject-matter. Such proceedings are regarded as the judgment of an inferior court of special and limited jurisdiction, or as a discharge in insolvency, and jurisdiction must be shown by the averment of facts which conferred it.

*Decided, May Term,* 1880.

APPEAL from a judgment of affirmance by the marine court general term.

*Wilder & Thomas,* for plaintiffs and appellants.

*Wakeman & Latting,* for defendant and respondent.

VAN HOESEN, *J.* — Section 5119, Revised Statutes of the United States, provides that a discharge in bankruptcy may be pleaded by a simple averment, that on the day of its date it was granted to the bankrupt, setting forth a full copy of the discharge in its terms as a full and complete bar to all suits brought on any debts, claims, liabilities or demands which were, or might have been, proved against the estate of the bankrupt in bankruptcy. Where a discharge is set forth in the answer, that is to say, where a full and complete copy thereof is inserted in the pleading it is not necessary for the defendant to allege the facts which show that the court of bankruptcy had jurisdiction of the party or of the subject-matter (*Stoll* agt. *Wilson,* 14 *W. B. R.,* 571 ; *Estee's Form and Precedents, title,* "*Bankruptcy*").

*Sackett* agt. *Andress* (5 *Hill,* 327), and other cases which hold that the pleading must set forth the facts which show the bankruptcy court to have had jurisdiction, were decided under a statute which contained no such provision as section 5119, to which reference has been made.

But that section applies to discharges only. All other proceedings which are relied on to release a bankrupt from his debts must, when pleaded, be accompanied by averments which show that the court in which they were taken had jurisdiction of the parties and of the subject-matter. Such proceedings are regarded as the judgment of an inferior court of special and limited jurisdiction, and must be shown by the averment of the facts which conferred it (*Turner* agt. *Roby,* 3 *N. Y.,* 193 ; *Sackett* agt. *Andress,* 5 *Hill,* 327 ; *Stoll* agt. *Wilson,* 14 *W. B. R.,* 571).

Cromwell *et al.* agt. Burr.

The answer in this case is defective in substance, as it does not set forth facts which gave the court of bankruptcy jurisdiction of the bankrupt, and of the involuntary proceedings taken by the creditor against him. It was error, therefore, in the justice to deny the plaintiff's motion for judgment on the answer. Had the justice decided the answer to be defective, it would have been proper to allow the defendant to amend his answer by pleading the jurisdictional facts; but, as the plaintiff delayed his motion till the trial had begun, there should not be imposed, as condition of such an amendment, any more costs than he would have been entitled to if he had moved for judgment upon the answer as frivolous, under section 537, Code of Civil Procedure. For the error in denying the motion for judgment on the answer, the judgment must be reversed, with costs to abide the event. As the defendant will doubtless at once apply for leave to amend his answer, it may be well to call attention to the following authorities which both parties may find useful (*Stephens* agt. *Ely*, 6 *Hill*, 607; *Ex parte Jewett*, 11 *W. B. R.*, 443, 444; *In re Duncan*, 14 *W. B. R.*, 18; *In re Funkenstein*, 14 *W. B. R.*, 213).

The Stephens case establishes that it is not necessary for a bankrupt, against whom proceedings in involuntary bankruptcy were taken, to set forth, when pleading a discharge, what the acts of bankruptcy were of which he was accused by his creditors. The other cases hold that where the jurisdictional facts are shown to exist, viz., that the debtor resides within the United States, and either resides or does business in the district in which bankruptcy proceedings are taken, and that he owes debts provable in bankruptcy to an amount exceeding $300, the court of bankruptcy has jurisdiction, and its decisions cannot be inquired into or impeached collaterally because the requisite number of creditors did not unite in the petition or because the petition does not contain sufficient allegations of the existence of any of the facts which, under section 5021, United States Revised Statutes, should exist to warrant a proceeding in involuntary bankruptcy. Nor would it invalidate

a composition resolution, accepting which the court had ordered to be recorded, if the creditor should prove in a collateral action that the requisite number of creditors had not, in fact, accepted the composition. The court of bankruptcy, in ordering the resolutions to be recorded, necessarily decided that the requisite number had accepted, and its decision cannot be questioned collaterally. Nor would the failure to produce the bankrupt's statement at any meeting, or any other omission, or any departure by the bankruptcy court from the regular order of procedure invalidate the composition when pleaded as a defense to a collateral action. If the court of bankruptcy had jurisdiction of the proceedings when they were begun its adjudication in favor of recording the resolutions accepting the composition, is conclusive as to the regularity of every intermediate proceeding.

We do not now intimate any opinion as to the effect of the omission from the petition of any allegation as to the residence of the bankrupt. The Revised Statutes do not prescribe what the petition shall allege. Whether the petition was sufficient to confer jurisdiction, it not averring that Burr resided within the United States, we leave for furture consideration. Nor do we now express any opinion as to the effect of an offer of money in fulfillment of the terms of the composition, coupled with a demand for a receipt, and a refusal to pay the money unless a receipt were given. We do not determine whether a tender with a condition annexed is such a tender as will debar the creditor from claiming the full amount of his original claim.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

C. P. DALY, Ch. J. and J. F. DALY, J., concurred.