**ALTMAN et al., Respondents, v. McCALL, Appellant.** (Supreme Court, Appellate Term. June, 1901.) Action by Victor Altman and others against Ambrose A. McCall. Isaac Fromme, for appellant. J. Rosenzweig, for respondents.

PER CURIAM. The defendant received no title to the merchandise under the insolvent assignment, because his assignors had no title thereto; it appearing that the goods were delivered to them on memorandum. The defendant, when he refused to surrender possession to the true owners, became liable individually after demand was made. No exception- is presented which affects the original disposition made of the case. Judgment (67 N. Y. Supp. 959) affirmed, with costs.

**ARCHER, Respondent, v. CITY OF MT. VERNON, Appellant.** (Supreme Court, Appellate Division, Second Department. October 4, 1901.) Action by John Archer against the city of Mt. Vernon. No opinion. Motion granted, without costs, and order resettled.

**In re ARMORY SITE.** (Supreme Court, Appellate Division, First Department. October 18, 1901.) In the matter of the armory site. No opinion. Motion granted.

**ASHINOFF, Respondent, v. SIVIN et al., Appellants.** (Supreme Court, Appellate Term. June, 1901.) Action by Max Ashinoff against Samuel Sivin and others. B. Gerson Oppenheim, for appellants. Elias Rosenthal, for respondent.

PER CURIAM. The question which was litigated was whether the defendants employed the plaintiff for a definite term of six months, or merely took him for a week on trial. On this question the evidence was conflicting, and we see no reason to disturb the finding of the jury. There was no evidence to justify the submission to the jury of the question whether there had been what defendants call an accord and satisfaction between the parties, by which they apparently mean an agreement to abrogate the contract. The plaintiff certainly worked for a week, and accepted a check which was expressed as being "in full payment of all claims up to date." That had no apparent reference to any future claim, either for services or for damages for breach of contract. The evidence of damage was meager, but the plaintiff showed that he made $25 during the week that he did work for defendants, and the jury apparently based their verdict upon a much smaller probable profit for the balance of the term. Judgment should be affirmed, with costs. Judgment affirmed, with costs.

**ATTERBURY, Appellant, v. SOMERS, Respondent.** (Supreme Court, Appellate Term. June, 1901.) Action by Albert H. Atterbury against Stanley A. Somers. A. H. Atterbury, for appellant. S. Campbell, for respondent.

PER CURIAM. The defendant's tender of the amount due extinguished the boarding house keeper's lien. At common law and by statute an innkeeper had a lien upon the goods of his guest for the amount actually due, and by chapter 446, Laws 1899, a boarding house keeper is given a lien "for the amount which may be due for board." His lien is practically the same as that of an innkeeper. The plaintiff might have brought an action in replevin, it is true; but to hold that his failure to do so should be permitted to bar his claim for a return of the amount paid under protest would be to lay down a very harsh rule. Judgment reversed, and judgment directed for plaintiff.

**BAILEY, Appellant, v. KRAUS, Respondent.** (City Court of New York, General Term. May, 1901.) Action by Oscar S. Bailey against George J. Kraus. Warren, Boothby & Warren (L. E. Warren, of counsel), for appellant. Chas. L. Hoffman, for respondent.

HASCALL, J. Action was brought by plaintiff to recover for the board and care of defendant's horses and carriages. Defendant set up a discharge in bankruptcy. The learned court at trial term dismissed the complaint under the case of Stevens v. King, 16 App. Div. 367, 44 N. Y. Supp. 893. We think this was error. The authority cited is certainly good so far as requisites of notice to creditors and proofs thereof are concerned, but does not go to the extent of deciding that under an indifferent pleading any testimony offered concerning bankruptcy and proceedings incident thereto must be received as binding, whether complete or not, interlocutory or final. In the case before us there is no evidence of a decree of discharge, nor offer to prove one, in the short shrift given to the appellant. Judgment should be reversed, and a new trial ordered, with costs to appellant to abide event. Judgment reversed, and new trial ordered, with costs to appellant to abide event.

CONLAN and O'DWYER, JJ., concur.

**BARCUS v. DORRIES.** (Supreme Court, Appellate Division, Fourth Department. October 18, 1901.) Action by James S. Barcus against August L. Dorries. No opinion. Motion for leave to appeal to the court of appeals denied, with $10 costs.

**BARNEY, Respondent, v. MACKAY, Appellant.** (Supreme Court, Appellate Term. June, 1901.) Action by Augustus W. Barney against Henry Mackay. R. A. M. Hobbs, for appellant. P. H. Loftus, for respondent.

PER CURIAM. The motion to dismiss the complaint at the close of plaintiff's case should have been granted, because there was entire absence of facts showing any negligence by the driver of the runaway horses. Also, upon the whole case, it may be added that there is no proof that he was either negligent or unskillful. The horses were frightened by the near passage of an elevated train. Judgment reversed, and new trial ordered, with costs to abide event.

**BARTO, Appellant, v. STATE, Respondent.** (Supreme Court, Appellate Division, Third Department. September 4, 1901.) Action by Edward R. Barto, an infant, by Edward H. Barto, his father, his guardian ad litem, against the state of New York. No opinion. Motion denied.