BAILEY v. KRAUS.

(City Court of New York, General Term.   January, 1903.)

1. ACTION ON ACCOUNT—PLEADING—DISCHARGE IN BANKRUPTCY.
    Where a party seeks to avail himself of a discharge in bankruptcy
    as a defense to an action on an account, he must plead the discharge in
    order to authorize evidence thereof to be given on the trial.

2. SAME—INSUFFICIENCY OF ANSWER.
    Where an answer setting up a discharge in bankruptcy as a defense
    failed to show in which United States District Court defendant filed his
    petition, or allege facts showing that the court in which the bankruptcy
    proceedings were taken had jurisdiction of the parties or subject-matter,
    it was insufficient to admit proof of the discharge.

3. SAME—AMENDMENT AT TRIAL.
    Where the original answer in an action pleaded a discharge in bank-
    ruptcy as a defense, sufficient to apprise plaintiff of such defense, though
    not to admit proof thereof, the court erred in refusing to permit defend-
    ant to amend the answer at the trial on terms so as to allow proof of
    the discharge, there being no claim of surprise.

    Seabury, J., dissenting.

Appeal from Trial Term.

Action by Oscar S. Bailey against George J. Kraus. Judgment
for plaintiff, and defendant appeals. Reversed.

Argued before McCARTHY, CONLAN, and SEABURY, JJ.

Charles L. Hoffman (Henry A. Friedman, of counsel), for appellant.
Warren, Warren & O'Beirne (L. E. Warren, of counsel), for re-
spondent.

McCARTHY, J.   This action was brought to recover the balance
due for the board and care of the defendant's horses. Upon the
trial an attempt was made by the defendant to prove his discharge
in bankruptcy subsequent to the contracting of the debt to recover
which this action was brought. The trial justice excluded proof of
the defendant's discharge in bankruptcy, to which exclusion the de-
fendant excepted. The defense which the defendant attempted, being
in confession and avoidance of the cause of action, must be pleaded
to authorize evidence thereof to be given upon the trial. McKyring
v. Bull, 16 N. Y. 297, 69 Am. Dec. 696; Revere Copper Co. v. Di-
mock, 90 N. Y. 33. The allegations under which the defendant at-
tempted to prove his discharge were merely to the effect that on
January 25, 1899, he duly filed his petition in bankruptcy under the
act of congress approved July 1, 1898, c. 541, 30 Stat. 544 [U. S.
Comp. St. 1901, p. 3418], and that subsequently he surrendered his
property, and was adjudged a bankrupt, and was duly and legally
discharged "from all his debts and liabilities of every kind, nature,
and description provable under the laws hereinbefore referred to."
The answer of the defendant does not show in which one of the United
States District Courts the defendant filed his petition, or allege facts
showing that the court in which the proceedings were taken had

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. § 825.

jurisdiction of the parties or subject-matter. **In failing to** contain these allegations the answer was insufficient to admit proof of the defendant's discharge in bankruptcy. Cromwell v. Burr, 59 How. Prac. 93; Morrison v. Woolson, 29 N. H. 510; Sackett v. Andross, 5 Hill, 327; McCormick v. Pickering, 4 N. Y. 276; Baylies, Code Pl. 252.

The only other question calling for consideration upon this appeal is presented by the refusal of the trial justice to permit the defendant to amend the answer. The plaintiff was informed by the original answer that the defendant relied upon his discharge in bankruptcy as a defense. The application to amend the answer so as to allow proof of discharge from the claim in suit, while late, was nevertheless addressed to the sound discretion of the court, and ought to have been allowed on such terms as appeared fair and reasonable. No claim of surprise was made at the time the amendment was asked for. The defense was statutory, and went to the whole cause of action. To the refusal of the court to allow the amendment the defendant duly excepted.

We are of the opinion that the refusal deprived the defendant of a substantial right, and was error. For these reasons we think the judgment should be reversed, without costs, and a new trial ordered, with leave to appellant to apply at Special Term to amend his answer.

CONLAN, J., concurs.

SEABURY, J. I dissent. The answer was clearly insufficient to admit proof of the defendant's discharge in bankruptcy, as appears from the authorities referred to in the opinion of Mr. Justice Mc-CARTHY. I think, under the circumstances, that the ruling of the trial justice was correct in refusing to permit the amendment which the defendant asked leave to make. The proposed amendment would not, under the authorities cited in the prevailing opinion, be sufficient to entitle him to prove his discharge. This case has been pending since January, 1900, and in June, 1901, was before the General Term of this court, when the defendant was apprised of the defective character of his pleading. Bailey v. Kraus, 35 Misc. Rep. 851, 72 N. Y. Supp. 1094. The laches of the defendant in not applying for leave to amend his answer was a sufficient justification for the refusal to permit the amendment sought upon the second trial of the action. This court cannot presume that there was an abuse of discretion upon the part of the trial court. To justify us in reversing this judgment upon this ground, such an abuse of discretion must affirmatively appear in the record. The Encyclopedia of Pleading and Practice (vol. 1, p. 522) states the rule which applies in this case in the following language:

"A party who has notice of a defect in his pleading should move to amend without unreasonable delay, otherwise the court will be justified in denying him leave to amend on the ground of laches."

The remarks of Van Brunt, P. J., in Butler v. Farley (Sup.) 1 N. Y. Supp. 849, are applicable to this case:

"It was not error, under the circumstances, to refuse the application to amend. The counsel knew, before entering upon the trial, of the condition of the pleadings, and if he chose to experiment with the other side as to their diligence in discovering the issue presented by the pleadings, after his discovery that they had read the pleadings before going to trial, it was too late to ask for an amendment. Knowing, as the defendant did, the infirmities of his answer, he was bound, if he wanted an amendment, to ask for it before going into the trial."

The judgment should be affirmed, with costs.

Judgment reversed, without costs, and new trial ordered, with leave to appellant to apply at Special Term to amend his answer.