## McCABE *v.* COONEY and O'BRIEN.

In setting up a bankrupt discharge as a defence in an *answer*, it is not necessary to use the same precision, and certainty that is requisite in a *plea*.

An answer stating that the defendant made his application, and showing its terms; that he then resided in the district where it was made; that he was a bankrupt within the act of congress, and was owing debts which were not contracted as executor, &c.; that upon regular proceedings had in the District Court he was decreed a bankrupt and the decree is still in force; and that upon further regular proceedings, he was discharged from his debts by a decree of the court, and re-

---

(a) S. C. 6 Beav. 110; and affirmed on appeal, 9 March, 1844.

ceived a certificate ; the certificate of discharge being then set out at length ; was held to be sufficient as a pleading, to establish the defence.

It is not necessary in such an answer, to allege that the complainant's debt was not within the class of debts which are excluded from the operation of the bankrupt law. If the complainant intends to insist that his debt was one of that class, he must state the fact in his bill, as he would any other matter of avoidance.

After a debtor had been decreed a bankrupt, and before he was finally discharged, a judgment creditor's suit was commenced against him, and the creditor claimed to have discovered a piano, which he was entitled to have applied towards his debt. The answer set up the bankrupt proceedings and the debtor's discharge. *Held*, that if the piano were acquired by the debtor prior to his bankrupt proceedings, it became vested in his assignee by force of the decree ; and if it were acquired subsequently, the discharge was a bar to the creditor's claim in respect of his judgment.

Albany, Dec. 23, 1844; January 25, 1845.

THIS was a suit brought by a judgment and execution creditor of the defendants. The judgment was recovered in December, 1842, and this suit was commenced in December, 1843.

On the 2d of March, 1843, Cooney presented his petition for a discharge from his debts under the late bankrupt act, and he was discharged accordingly on the 30th of January, 1844.

In his answer, Cooney set up his proceedings in bankruptcy and insisted that the judgment as against him was thereby dis- charged ; in the following terms.

" And this defendant further answering, says, that after the ren- dition of the said judgment in the bill of complaint mentioned against this defendant and the said Timothy O'Brien, and before the filing of the complainant's bill of complaint, this defendant then residing in the city of Albany, and within the northern dis- trict of the state of New York, and being largely indebted, and owing debts which had not been created in consequence of defal- cation as a public officer or as executor or administrator or in any other fiduciary capacity, became a bankrupt within the true in- tent and meaning of the act of Congress entitled an act to estab- lish a uniform system of bankruptcy throughout the United States, passed August 19, 1841. And being such bankrupt as aforesaid, to wit, on the second day of March, 1843, applied to the District Court of the United States, for the Northern District of the State of New York, by petition according to the rules and practice of said court for the benefit of the said act. And such

proceedings were had in and before said District Court, on his said petition, according to the rules and practice of said court, that this defendant before the filing of the said bill of complaint, was by a decree of said court, declared a bankrupt, and which said decree remains in full force and effect.  And this defendant further answering says, that such other and further proceedings were had by and before said court on the said petition of *this defendant, and according to the rules and practice of said court, and the provisions of said act, that afterwards, to wit, on the thirtieth day of January, 1844, this defendant by an order or decree of said District Court of the United States for the Northern District of the State of New York, was fully discharged from all debts owing by him at the time of the presentation of his said petition for the benefit of the said act ; and on the same day of said decree this defendant did also receive from the clerk of the said court a certificate of said discharge as a bankrupt, which discharge is in the words and figures following, to wit." (Here the discharge was set forth *verbatim.*)

" And this defendant insists and submits to this honorable court, that the said judgment against this defendant and the said Timothy O'Brien mentioned in the complainant's bill, so far as it affects or regards this defendant, the said William Cooney, is fully and absolutely discharged by the discharge aforesaid of this defendant.  And this defendant further insists and submits to this honorable court, that any lien or interest acquired by said complainant in and by said bill or any proceeding thereon, became and was fully discharged and extinguished in and by the said discharge under and by virtue of the said decree of the said District Court of the United States for the Northern District of the State of New York."

The proofs showed that at the commencement of the suit. Cooney owned or had an interest in a piano forte worth about $165 ; but it did not appear distinctly when he acquired it.

O'Brien denied having any property, and there was no evidence to the contrary.

*C. Stevens,* for the complainant.

*W. W. Frothingham,* for the defendants.

THE ASSISTANT VICE-CHANCELLOR.—It is contended by the complainant's counsel that the bankrupt discharge is not sufficiently set out in the answer to show that the court granting it, had jurisdiction. The defects alleged are, the omission to state that the petition of the bankrupt contained a list of his creditors, together with an inventory of his estate; and the failure to charge in the answer, that the complainant's debt is not one of those which are excepted from the operation of the bankrupt act. Finally, the counsel insisted that the answer must state all the matters showing the jurisdiction of the court, and the course of proceeding, with the same precision that the Supreme Court held to be requisite in pleading a bankrupt discharge, in the late case of *Sackett* v. *Andross,* 5 Hill, 327.

The answer of Cooney sets forth his application; that he was then a resident of the city of Albany in the Northern District of this state, and was largely indebted and was owing debts which had not been contracted as executor, &c., (following the exception contained in the act of Congress.) That he became a bankrupt within the meaning of the act of Congress, referring to its title, &c. at large; that being such bankrupt he applied to the United States District Court in the Northern District by petition, according to the rules and practice of that court, for the benefit of the act. That such proceedings were had in that court, according to its rules and practice, on such petition that the defendant was declared a bankrupt by a decree of the court which remains in full force; and that such further and other proceedings were had in that court according to its rules and practice and the act of Congress, that afterwards by a decree of the court, he was discharged from his debts; and he received a certificate thereof from the clerk under the seal of the court. The discharge itself is then set out, *verbatim.*

This is the substance of the pleading, and as *an answer,* I think it sufficient. It is by no means clear, that if it were contained in a plea, it would be held defective in this court. The case of *Carleton* v. *Leighton,* 3 Merivale, 667; (S. C. Beames' Pleas in Equity, 122,) decided in 1805, is a strong authority in

favor of great certainty and strictness in such a plea. Sir Samuel Romilly argued there, that the plea must state distinctly, the trading, the contracting debts, the petitioning creditor's debt, the act of bankruptcy, the commission, the finding the party bankrupt, and the assignment; and Lord Eldon said it was clearly contrary to all practice to plead bankruptcy without stating all the facts successively and distinctly, and to admit a mode of pleading by general language would be very inconvenient. The plea there set forth that a commission of bankruptcy was duly issued, under which the party was afterwards duly found and declared a bankrupt, and all his estate and effects were duly transferred and assigned, &c.; and the plea was overruled.

Nevertheless in 1818, in the similar case of *De Tastet v. Sharpe*, 3 Madd. 51, a plea of bankruptcy was allowed by the Vice-Chancellor, which did not contain the successive facts; and indeed in reference to the English bankrupt acts then in force, was more meagre in its statements than the answer in question.

It is laid down in a book of practice of high authority, that although in stating a defendant's case, it is necessary to use such a degree of certainty as will inform the plaintiff of the nature of the case to be made against him, it is not requisite that the same degree of accuracy should be observed in an answer as is required in a bill. (2 Daniell's Ch. Pr. 244.) And the author illustrates the proposition by the manner of stating a *modus* in a bill and in an answer. (1 Ibid. 479, 480; See 1 Barb. Ch. Pr. 138, s. p.)

Resort is frequently had to an answer, in order to set up a defence which would be appropriate in a plea, for the reason that less certainty and precision is required in an answer than in a plea.

I think I should require more observance of technicality and form in preparing an answer, than is requisite to promote the ends of justice, and more than is customary in our practice, or called for by the principles of equity pleading, were I to decide that this answer is defective in its statement of the bankruptcy proceedings and discharge.

Nor do I think it necessary for the *answer* to allege that the complainant's debt was not within the excepted debts which are

excluded from the operation of the law. That fact, like any other matter intended to avoid the effect of the discharge, must be shown by the complainant. In support of the answer, the certificate of the defendant's discharge, is sufficient evidence for him, until it is impeached or avoided.

My conclusion is that the answer and testimony show that the judgment against Cooney is discharged ; and if, as the complainant contends, the property in question was acquired since his petition in bankruptcy, so that it did not pass to his assignee, such discharge is a bar to the complainant's reaching it by the judgment.

If on the other hand, the property were in truth acquired by the defendant prior to his proceedings in bankruptcy, it became vested in his assignee, on his being decreed a bankrupt. The decree was made at least ninety days prior to the date of his discharge, and therefore the property was vested in the assignee in bankruptcy before this bill was filed.

The bill must be dismissed, but without costs as to Cooney. The costs of O'Brien may be set off against the complainant's judgment.