# NEW YORK SUPERIOR COURT.

JOHN HARRISON and another agt. JULIUS LOURIE.

*Debts provable under a discharge from the English bankruptcy act.*

Under the English bankruptcy act, non-provable debts are not affected by a discharge. Provable debts are such as arise only upon contract; if they arise upon tort they are not affected.

The court in which a trial is had and judgment entered, having acquired jurisdiction of the person of a defendant, its adjudication upon an issue formed by the pleadings is conclusive in an action upon the judgment in the courts of this country, and the defendant is precluded from inquiring into, questioning, or defending upon the merits.

The burden is upon the creditor to bring his debts within the exception that it is provable.

THE action is upon a judgment recovered in the court of queen's bench, London, on the 21st of March, 1870, for 972*l*. 14*s*. sterling.

The defense is a discharge in bankruptcy under the bankruptcy laws of Great Britain (1861), granted April 8, 1870. The application for the discharge was upon the petition of the bankrupt, with a schedule of his indebtedness. Among his creditors the plaintiffs were named, with their residence, and the amount of the indebtedness (£1,734), and that it arose upon acceptances of bills of exchange and for damages and costs in a suit then pending on behalf of the plaintiff against the defendant to recover the debt.

The action was tried without a jury.

The plaintiff put in evidence the record of the judgment in the queen's bench, which shows the commencement of the action on the 14th of April, 1869, which was prior to the

Harrison agt. Lourie.

defendant's petition in bankruptcy — the appearance of the defendant therein and the recovery of judgment.

The second count in the declaration — the fact, being the common counts, having been abandoned — alleged a promise by the defendant as a consideration for the acceptance, that he would attach to the drafts " turpentine warrants," which the defendant neglected to do, " whereby the plaintiffs were deprived of the security of such warrants for the payment of the bills."

The third count alleged that the defendant " falsely and fraudulently represented to the plaintiffs that he had attached turpentine warrants to certain bills which the plaintiffs had accepted, and thereby deceived the plaintiffs into believing for a long time that the defendant had, in performance of a contract in that behalf made between the plaintiffs and defendant, attached such warrants, but that he had not done so."

The fourth count alleged that the defendant received from the plaintiffs certain drafts of the plaintiffs, on the terms that the defendant should not negotiate them, unless and until he had attached thereto turpentine warrants as security for their payment, but the defendant wrongfully negotiated the drafts without attaching such warrants.

There is a further count alleging a conversion by the defendant to his own use of bills of exchange.

The plaintiffs claimed £5,000.

The defendant's pleas put in issue the several counts in the declaration.

The postea recites the coming of the parties by their respective attorneys, and a special jury sworn to try the matters in question, and that they " find the issues within joined for the plaintiffs, and they assess the damages of the plaintiffs on occasion of the premises within complained of by them, over and above their costs of suit, to £800."

The plaintiff put in evidence proceedings in involuntary bankruptcy against the defendant, upon the petition of the plaintiffs alleging their judgment as a debt of the bankrupt.

The defendant was served in this last proceeding, and appeared in the preliminary stages and put in an answer, setting up his discharge in the former proceeding.

He was adjudged bankrupt in the last proceeding, August 16, 1870.

*Dexter A. Hawkins*, for plaintiff.

*Wesley Gleason*, for defendant.

MONELL, *C. J.* — Under the bankruptcy act of Great Britain (24 *and* 25 *Victoria*, 1861), non-provable debts are not affected by a discharge; and the question here is whether the debt which was merged in the judgment, now the subject of this action, was provable under the act.

The action upon it was pending when the discharge was obtained. The defendant had been summoned and had pleaded. The issues were tried by a jury, who assessed the damages, and judgment was entered.

It is conceded that if the debt which constituted the cause of action was provable in the bankruptcy proceeding, the discharge is a bar to an action upon the judgment.

The debts provable under the act are such as arise only upon contract. If they arise upon tort they are not affected.

The plaintiffs claim that their debt was for a tort, and therefore not provable.

The only evidence introduced is the record of the judgment, which contains the declaration and pleas.

The declaration contains several counts. Two, at least, are upon contract, and two, and possibly three, are in tort.

The defendant took issue upon all the counts, and the jury found the issues in the plaintiffs' favor, assessing their damages.

The court in which the trial was had and judgment entered having acquired jurisdiction of the person of the defendant, its adjudication upon the issues formed by the pleadings is

conclusive in an action upon the judgment in the courts of this country (*Lazier* agt. *Westcott,* 26 *N. Y.,* 146), and the defendant is precluded from inquiring into, questioning or defending upon the merits.

It admits of no doubt that separate causes of action, upon contract and in tort, were united in the action; and we must assume, however different the law is in this country (*Code,* § 167), that such a union of causes of action was proper in the English courts.

It is also evident that the issues, as well upon the contract as upon the torts, were collectively submitted to the jury, and that they rendered a general verdict, assessing the damages.

But it is equally evident that the record of the trial does not disclose whether the damages, as assessed, relate to the contracts or to the torts, or to both contracts and torts.

The bankruptcy discharge released the defendant, unless the debt was not provable; and the burden is upon the creditors to bring his debt within the exception. The bankrupt can rest upon his discharge and its effect upon his debts; and the creditor is concluded by it until he shows that his debt is of a nature not extinguished by it.

As the record of the judgment is the only evidence to establish the non-provability of the debt, the question is: Does it so prove?

The evidence, upon the trial of the issues, is not a part of the record, and it is therefore impossible, from the record alone, to determine which of the issues the jury assessed the damages upon. If upon the cause of action in assumpsit, then it necessarily follows that the judgment was upon that cause of action, and not upon the tort which formed another and distinct cause of action. Nor does it appear that the jury assessed the damages upon all the issues. It cannot be assumed that they did, inasmuch as it may have been on either.

The record does not, therefore, *prima facie,* establish that the debt for which the judgment was recovered was wholly

upon contract, or wholly upon tort. It may have been for either, or partly for both; and there is no legitimate presumption to weaken the hypothesis that it was the one or the other.

Indeed, I think if there is any presumption, it is that where one cause of action is upon contract, and another in tort, but a tort connected with the contract, the latter is waived in favor of the former, unless distinctly appearing to the contrary (*Elwood* agt. *Gardner*, 45 *N. Y.*, 349). This presumption may, however, arise from our system of pleading, which forbids the uniting of such incongruous causes of action.

But under a system which does allow such a union, no presumption can be raised in favor of any one or more of the separate causes of action. As well could it be assumed that the assessment of damages and the judgment was upon the contract as that it was upon the tort.

As the burden of avoiding the effect of the bankrupt's discharge rests upon the creditor, there must be evidence, at least *prima facie* evidence, that the debt did not arise upon contract.

The judgment record does not furnish the evidence, and I think the plaintiff was bound to show, by other means, that the only cause of action upon which the jury assessed the damages were for the tort or torts alleged in the declaration. That could be shown by the record of the trial or other proof of the questions submitted to and passed upon by the jury at the trial.

It is claimed, however, that the second or involuntary proceeding in bankruptcy against the defendant is not only *res judicata*, as to the nature of the debt, but that it also operates as an estoppel upon the defendant in respect to it.

No such effect, however, can be given to the second adjudication.

If the character of the debt was involved at all, it was only incidental. The main if not the only question was the alleged act of bankruptcy. The nature of the debt was not

material, either upon the question of jurisdiction or of the acts of bankruptcy. Whether the debt was afterwards provable was not necessary to be ascertained in the first instance.

It is true the defendant appeared, and set up his discharge. That he might do upon the theory that the judgment was for a contract debt, and, therefore, his discharge was a bar. His answer is inconsistent with any other theory; and a general adjudication of bankruptcy does not determine that the debt was otherwise.

But more than this: The appearance and answer of the defendant was on the 8th of April 1870, before the petition and affidavit of the plaintiffs, which were filed on the 22d of June, 1870, were presented. The first affidavit of the plain- tiffs (to which the defendant appeared and answered) was on the 28th of March, 1870, and alleged only the recovery of the judgment and certain acts of bankruptcy. There is no aver- ment of the cause of action, or allegation of any fraud or other wrongful act of the defendant, but merely that the plaintiffs had recovered a judgment.

So far, therefore, as the second adjudication is *res judicata*, it must be confined to the issue made by the defendant's answer to the plaintiffs' affidavit of the 28th of March, 1870.

As to the allegations in the petition and affidavit of the twenty-second of June, of the nature of the cause of action merged in the judgment, they were after the appearance and affidavit of the defendant, and were passed upon by his default.

As to such allegations, the decision is not *res judicata*. They were wholly *ex parte*, and in no way conclusive upon the defendant.

For the same reasons, the adjudication is not an estoppel.

Upon the merits of this question the plaintiffs have fur- nished some evidence, that goes to satisfy me that the jury did not in point of fact pass or assess the damages upon any of the causes of action alleged in the declaration. Mr. Tripp,

one of the plaintiffs, in his affidavit in the second bankruptcy proceeding, alleges the cause of action to have been a promise by the defendant to annex to the bills, before negotiating, certain turpentine warrants; but in fraud of the plaintiffs he had negotiated the bills without attaching such warrants. That on the eve of the trial the defendant produced certain letters, and upon the action coming for trial the defendant by his counsel immediately consented to a verdict for the sum of £800. A verdict upon such a consent in open court, cannot, it seems to me, be regarded as settling any particular issue; nor as furnishing proof that the damages were assessed and the judgment entered upon the counts in tort in the declaration. But rather that the verdict was for the amount of the two bills, and therefore upon the counts on contract.

The defendant must have judgment.

Findings may be prepared and submitted on two days' notice.