JAMES H. STEVENS, Appellant, *v.* WILLIAM S. KING, Respondent.

*Discharge in bankruptcy, how impeached — account stated, as evidence of payments made.*

A discharge of a defendant in bankruptcy should not be excluded by the court simply because it is not shown that the plaintiff in the action in which it is offered was a party to the proceeding.

The burden rests upon the party attacking a discharge in bankruptcy to show some cause why it is not effectual.

A party who seeks to show that payments have been made upon his claim by proof that an account was stated, must, except as he affirmatively shows the falsity of its items, accept the account as a whole.

APPEAL by the plaintiff, James H. Stevens, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 10th day of July, 1894, upon the report of a referee.

*Allan Robinson,* for the appellant.

No one appearing for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover upon a promissory note made in the year 1856, a draft made in the year 1857, and upon an account stated in 1877, and another account stated in 1888. The answer alleged payment of the note, draft and the first account stated, and denied the account stated in 1888, and set up a discharge in bankruptcy obtained by the defendant on February 4, 1879.

The issues raised by the pleadings were referred to a referee. The referee found the making of the note and draft; the account stated in 1877; that there had been various payments on account thereof by the defendant and one Remington; that there was no account stated in July, 1888; that the defendant was discharged in bankruptcy as alleged in the answer; that no new promise has revived said debts or claims, and that the defendant was entitled to judgment, with costs. From the judgment thereupon entered this appeal is taken.

The main question necessary to be considered upon this appeal is the contention that the claim of the plaintiff was revived by the action of the defendant subsequent to his discharge in bankruptcy.

The only question raised as to the bankruptcy discharge was that it was not admissible in evidence because it was not shown that the plaintiff was a party to the bankruptcy proceedings and received notice thereof, but we are not aware of any rule of law supporting this contention. The burden was upon the plaintiff to attack the discharge and show some cause why the decree of the court was not effectual.

Conceding the discharge to be valid, the plaintiff claims that he has established by the evidence that the defendant never intended his discharge to operate against the plaintiff, and that subsequent payments were evidence of the facts, and that an account was stated as late as 1879, long subsequent to the date prior to which the discharge operated. The fact that the defendant made payments subsequent to the discharge is sought to be proven by the admissions contained in a statement of account made by defendant January 1, 1889.

The difficulty with the appellant's position is that he cannot take the items out of this account which suit his purposes and leave the balance. If he takes the account as an admission he must take the whole; and while he might prove the falsity of any of the items therein contained without such proof, he must, if he uses the account at all, take it as it is.

This account shows that the defendant owes the plaintiff nothing, and, consequently, it is not an admission of anything by which a liability was revived or taken out of the operation of the bankruptcy discharge. It is true that the plaintiff swore to payments made on account subsequent to the discharge, but nothing took place by which it was in any way intimated that the defendant intended to review his obligation, notwithstanding his discharge.

There was no proof of an account stated in 1879. There was some evidence of a balance being struck in 1879 by the lawyers in the foreclosure suit, but there is no evidence that the defendant participated in this accounting, or that he promised to pay any such sum, and, consequently, no liability could be predicated upon any such settlement, even if admissible under the pleadings.

Upon consideration of the whole case, the facts of which it has been exceedingly difficult to determine in consequence of the involved manner in which the evidence was introduced, there does not seem to be any reason for disturbing the referee's conclusions.

The judgment should be affirmed, without costs.

RUMSEY, WILLIAMS, PATTERSON and PARKER, JJ., concurred.

Judgment affirmed, without costs.