COLUMBIA BANK, Respondent, *v.* CLARENCE T. BIRKETT, Appellant.

BANKRUPTCY —WHEN ACTION UPON CREDITORS' CLAIM IS NOT BARRED — EFFECT OF §§ 15, 17 AND 57, SUBD. N, OF FEDERAL BANKRUPTCY ACT. A discharge in bankruptcy is no defense to an action against voluntary bankrupts by the holder of a promissory note executed by them who had no notice or actual knowledge of the bankruptcy proceedings prior to the discharge, the note having been scheduled in the name of the original payee with knowledge that it had been transferred, and not in the name of the holder, although the plaintiff under subdivision N of section 57 of the Bankruptcy Act had five months after the discovery of the discharge in which it could have proved its claim and under section 15 could in a proper case have applied for the revocation of the discharge on account of fraud, since under section 17 the discharge is confined in its operation to creditors who have been duly scheduled and are thus enabled to receive the notices for which the act provides, and to take part in the selection of a trustee or in the examination of the bankrupt as a preliminary to opposition to the discharge.

*Columbia Bank* v. *Birkett,* 65 App. Div. 615, affirmed.

(Argued February 18, 1903; decided March 6, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 8, 1901, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury.

The action is upon a promissory note for $750; dated February 15th, 1899, and payable April 5th, 1899; made by the firm of Russell & Birkett, of which defendant is the surviving member, to the order of the Manhattan Railway Advertising Company and by the payee transferred to the plaintiff before maturity. Defendant set up in his answer the discharge of his firm in bankruptcy proceedings. The case being tried without a jury, findings of fact were made; which, after stating the formal facts of the making of the note, its acquisition by the plaintiff by indorsement of the payee, before maturity and for value, and its non-payment, proceeded to find that prior to the maturity of the note, the makers " had

actual knowledge of the fact that plaintiff was then the owner and holder of the same;" that Russell & Birkett, upon their own petition, were adjudicated bankrupts on April 13th, 1899, and on September 12th, 1899, were discharged in bankruptcy; that "the claim of the plaintiff upon said promissory note and the debt of said firm of Russell & Birkett, and of said defendant, upon said promissory note to the plaintiff, were not duly scheduled in time for proof and allowance, with the name of the plaintiff, which, at the time of filing their schedules in bankruptcy, was known to the bankrupts to be the owner and holder thereof, and the creditor of said bankrupts by reason thereof, and that such plaintiff had no notice or actual knowledge, or other knowledge, of said proceedings in bankruptcy, prior to the discharge of the bankrupts therein." It was, also, further found "that no notice of any of said proceedings in bankruptcy was at any time given to the plaintiff by, or by the direction of, said bankrupts, or either of them." As his legal conclusion, the trial judge found that the plaintiff's claim was not, and is not, barred, or discharged, and he directed judgment for the plaintiff. This judgment was affirmed by the Appellate Division, in the first department, and the defendant has appealed to this court.

*J. Murray Downs* and *Thomas Carmody* for appellant. The findings of fact of the trial court do not sustain its conclusions of law. (*Tyrel* v. *Hammerstein*, 33 Misc. Rep. 505.) It was incumbent upon the respondent to show affirmatively the facts necessary to bring the claim sued upon within the exceptions contained in section 17 of the Bankruptcy Act. (Code Civ. Pro. § 532; *Livingston* v. *Oaksmith*, 13 Abb. Pr. 183; *Schermerhorn* v. *Talman*, 14 N. Y. 93; *Harrison* v. *Lourie*, 49 How. Pr. 124; *Stevens* v. *King*, 16 App. Div. 377; *McCormick* v. *Pickering*, 4 N. Y. 276; *Morse* v. *Cloyes*, 11 Barb. 100; *Small* v. *Graves*, 7 Barb. 577; *Hall* v. *Robbins*, 61 Barb. 33; *Rayl* v. *Lapham*, 27 Ohio St. 452; *Fider* v. *Manheim*, 81 N. W. Rep. 2.) The discharge was sufficiently pleaded. (Code Civ. Pro. § 532; Sedg. on Stat.

Const. [2d ed.] 50 ; Potter's Dwarris on Stat. 118, 119 ; *U. S.* v. *Dickinson,* 15 Pet. 141 ; *Minis* v. *U. S.,* 15 Pet. 423 ; *Spiers* v. *Parker,* 1 T. R. 141.) The claim of the respondent was discharged by the bankruptcy proceedings. (*Dresser* v. *Brooks,* 3 Barb. 429.)

*Julius J. Frank* and *I. S. Isaacs* for respondent. The discharge was insufficiently pleaded and plaintiff was entitled to judgment on the pleadings. (1 Kent Comm. 463 ; *Harris* v. *White,* 81 N. Y. 532 ; *Rowell* v. *Janvrin,* 151 N. Y. 60 ; *Spiers* v. *Parker,* 1 T. R. 141 ; *Jones* v. *Axen,* 1 Ld. R. 119.) The effect of a discharge in bankruptcy on a particular debt must be determined by the court in which the discharge is pleaded to defeat enforcement of the debt. (*Poillon* v. *Lawrence,* 77 N. Y. 207, 214 ; *Barnes* v. *Moore,* 2 Nat. Bank Reg. 573 ; *Batchelder* v. *Low,* 8 Nat. Bank Reg. 571 ; Loveland on Bankruptcy, § 288 ; Collier on Bankruptcy [3d ed.], 191.) The plaintiff's claim was not barred or discharged by defendant's discharge in bankruptcy. (*Ogden* v. *Alexander,* 140 N. Y. 356 ; *Windsor* v. *McVeigh,* 93 U. S. 274 ; *Poillon* v. *Lawrence,* 77 N. Y. 207 ; *Batchelder* v. *Low,* 8 Nat. Bank Reg. 571 ; *Matter of Kalish,* Deady, 575 ; *Tyrrel* v. *Hammerstein,* 33 Misc. Rep. 505.) The burden of proof was throughout on the defendant. (*Galpin* v. *Page,* 18 Wall. 350 ; *Settlemeir* v. *Sullivan,* 97 U. S. 444 ; *Morse* v. *Presby,* 5 Foster, 302 ; *Moore* v. *Moore,* 47 N. Y. 467 ; *People ex rel.* v. *Gates,* 43 N. Y. 40 ; *O'Farrell* v. *Ins. Co.,* 22 App. Div. 495 ) Defendant failed to sustain the burden of proof. (*Koehler* v. *Hughes,* 148 N. Y. 507.)

GRAY, J. The appellant does not dispute that the findings of fact are supported by the evidence ; but he does dispute that they support the legal conclusion. Indeed, the evidence, upon which the finding as to the defendant's knowledge of plaintiff's ownership and holding of the note is based, leaves no doubt possible as to that fact. The note was due April 5th, 1899. On March 27th, 1899, in response to a request of

the defendant's firm for an extension of their note, its payee, the advertising company, informed them that it was held by the plaintiff, whose president refused to give any extension. Thereupon, and on April 4th, the firm wrote to plaintiff that if it would hold their note " due at your bank to-morrow * * * until the 12th instant, we will endeavor to pay the same." Their petition in bankruptcy was filed April 13th, and in their schedule of creditors they inserted, under the heading of " names of creditors and last holders known to debtors," the payee named in the note and not the plaintiff. In the following September, they obtained the decree discharging them from their debts. In the following November, the plaintiff's president wrote to the president of a bank in Penn Yan, N. Y., making inquiry about the firm of Russell & Birkett and " what condition their affairs are in." Upon hearing, in reply, that they had " been through bankruptcy," plaintiff's president asked, " in which district Russell & Birkett passed through bankruptcy, as we were not aware and never received notification that any such proceedings had taken place." He then learned that the proceedings were in the Northern District of New York. However singular those facts, we are not further concerned with them ; as we are not assuming, in this action, that the defendant was guilty of fraud in procuring his discharge in bankruptcy. The contention of the defendant is that, notwithstanding the facts, his discharge is a perfect defense to this action, and that involves a construction of the present Federal Bankruptcy Act, which was passed in 1898. Section 17 of that act provides that " a discharge in bankruptcy shall release a bankrupt from all of his provable debts except such as * * * (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice, or actual knowledge of the proceedings in bankruptcy," etc. The argument is made that, although the plaintiff had no notice, or actual knowledge, of the bankruptcy proceedings prior to the discharge, by subdivision N of section 57, claims may be proven within a year after the adjudication in bank-

ruptcy, and when, in November, 1899, following the defendant's discharge, the plaintiff learned of that fact, that it had still five months left to make proof of its claim. Then reference is made to section 15 of the act, whose provisions allow a discharge to be revoked, upon the application of parties in interest, filed within a year from the discharge, for fraud of the bankrupt, etc., and, from these provisions of the Federal statute, it is inferred, and it is insisted, that no substantial rights of the plaintiff have been affected and that, within the intent of the act, it was bound by the decree in bankruptcy and its claim is barred.

While there may be some difficulty in the way of the statutory construction, I think the plaintiff's claim has never been discharged, as the result of the bankruptcy proceedings. In my opinion, there are features in the present Bankruptcy Act, which differentiate it from preceding acts and which indicate a legislative intent that greater strictness shall prevail in notifying the creditor of the various proceedings in bankruptcy. It is provided that the voluntary bankrupt must file " a list of his creditors, showing their residences, if known," and that notices must be sent to the creditors at " their respective addresses as they appear in the list of creditors of the bankrupt, or as afterwards filed  *  *  *  by the creditors." (Sec. 58a and sec. 7, subd. 8.) While in the previous acts of 1841 and of 1867, substituted service of notices by publication was provided for, in the present act, it is actual notice that is required to be given. The schedule of debts, which the bankrupt is to file with his petition, furnishes the basis for the notices which the referee, or the court, is to give thereafter to the creditors, and, thus, the bankrupt appears to be made responsible for the correctness of the list of his creditors. That he is to suffer, in the case of his failure to state the name of the creditor, to whom his debt is due, if known to him, seems to me very clear from the reading of section 17 of the act. That *excepts* from the release of the discharge all debts, which " have not been duly scheduled in time for proof and allowance, with the name of the creditor."

That is very emphatic language, and how is it possible to obviate its effect by the argument that the plaintiff still had time left, after the discharge was granted, to prove his claim ? The excepting clause of the act excludes from the bankrupt's discharge debts, which " *have not been* duly scheduled in time for proof," etc. Can we say that such debts as *may* be proved within a year from the adjudication in bankruptcy are discharged ? I think, clearly, not. The present act, differing in such respects from the preceding acts, requires strict notification of the various steps in the bankruptcy proceedings to be given to the creditors of the voluntary bankrupt, according to his schedule, and it excepts from the release of the bankrupt's discharge provable debts, which had not been duly scheduled, etc. I think it was intended that the decree discharging the voluntary bankrupt should be confined in its operations to the creditors, who had been duly listed and who were enabled to receive the notices which the act provides for.

Nor can I agree with the suggestion that is made that plaintiff's substantial rights were not affected. Whether that is a necessary factor in the case, I do not say ; but they certainly were, in my opinion. The plaintiff enjoyed none of the opportunities provided by the act for the creditors of a debtor who is seeking a discharge from his debts ; such as the selection of a trustee, or the examination of the bankrupt, as preliminary to opposition to the discharge. Those were rights accorded by the act, and I am quite unable to perceive how it can be held that the plaintiff could be deprived of them and remitted for all remedy to an attack upon the decree of discharge.

For these reasons, I advise the affirmance of the judgment, with costs.

VANN, J. (dissenting). The trial court found that, upon his own petition, the defendant was adjudged a bankrupt on the 15th of April, 1899, and was discharged in bankruptcy on the 12th of September following ; that the claim of the plaintiff was not duly scheduled in its name in time for proof and

allowance, and that it had no notice or knowledge of the proceedings in bankruptcy prior to such discharge.

The court did not find that the plaintiff did not know of the proceedings in bankruptcy in time to prove its claim and have it allowed, but simply that it had no knowledge until after the discharge was granted. The uncontradicted evidence, consisting of the plaintiff's letters, showed that it knew that the defendant was in bankruptcy, and as early as the 18th of November, 1899, had specific information as to the name and address of the referee in charge. The plaintiff, then, had five months within which to prove its claim.

The debt in question was for goods sold to the bankrupt and his copartner and the evidence thereof was a note given by them to the vendor therefor, which became due on the fifth of April, 1899. It was duly scheduled in the name of the vendor, but not in the name of the plaintiff bank, to which it had been transferred, as the defendant knew.

The National Bankruptcy Act, approved July 1st, 1898, provides that "any person may, after the expiration of one month and within the next twelve months subsequent to being adjudged a bankrupt, file an application for a discharge in the court of bankruptcy in which the proceedings are pending." The judge upon hearing the application "and such proofs and pleas as may be made in opposition thereto by the parties in interest," must discharge the applicant, unless he has violated certain specified provisions of the act. (§ 14.)

The judge may revoke the discharge "upon the application of parties in interest who have not been guilty of laches, filed at any time within one year after a discharge shall have been granted," provided it was obtained through fraud, that knowledge thereof "came to the petitioners since the granting of the discharge and that the actual facts did not warrant the discharge." (§ 15.)

"A discharge in bankruptcy shall release a bankrupt from all his provable debts, except such as (1) are due as a tax levied by the United States, the state, county, district or

municipality in which he resides; (2) are judgments in actions for frauds, or obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another; (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, *unless such creditor had notice or actual knowledge of the proceedings in bankruptcy;* or (4) were created by his fraud, embezzlement, misappropriation or defalcation, while acting as an officer or in any fiduciary capacity." (§ 17.)

A certified copy of an order granting a discharge " shall be evidence of the jurisdiction of the court, the regularity of the proceedings and of the fact that the order was made." (§ 21, par. f.)

Claims may be proved and allowed against a bankrupt's estate at any time within one year after the adjudication. (§ 57.)

Creditors are entitled to " at least ten days' notice by mail to their respective addresses as they appear in the list of creditors of the bankrupt," of all examinations of the bankrupt, hearings upon application for discharge and all meetings of creditors, declarations of dividends, etc. (§ 58.)

The amendments made by the act of February 5, 1903, are not alluded to, as they are not material in this controversy. General Order number eleven, made by the Supreme Court of the United States as authorized by the act, provides that the schedules may be amended, but it does not specify the time within which an amendment may be allowed.

A discharge in bankruptcy is presumptive evidence that every provable debt contracted prior to the date when the petition was filed is discharged thereby. A debt created by the purchase of goods on credit, whether merged in a promissory note given therefor or not, is provable under the act. (§§ 17 and 57.) In order to defeat the discharge, not only duly pleaded and proved by the defendant but found by the court, the burden was upon the plaintiff to establish by sufficient evidence and an appropriate finding that its

claim was one of those excepted from the effect of a discharge. This was the rule under prior bankruptcy acts, which excepted certain debts from the operation of a discharge, and there is no reason why it should not be applied to the one now in force. (*Sherwood* v. *Mitchell*, 4 Denio, 435; *Brereton* v. *Hull*, 1 Denio, 75; *McCabe* v. *Cooney*, 2 Sand. Ch. 314; *Harrison* v. *Lourie*, 49 How. Pr. 124, 128; *Stevens* v. *King*, 16 App. Div. 377; *Chapman* v. *Forsyth*, 2 How. [U. S.] 202, 208; *Cutter* v. *Folsom*, 17 N. H. 139, 149; *Johnson* v. *Ball*, 15 N. H. 407; *Brown* v. *Broach*, 52 Miss. 536, 541; Bump on Bankruptcy [11th ed.], 725; Collier on Bankruptcy [3rd ed.], 202; Potter's Dwarris on Statutes, 118; Sedgwick's Stat. Con. 50.)

In *Sherwood* v. *Mitchell*, Judge JEWETT, speaking for the court, said: "When a cause of action or matter of defense under a statute is pleaded, which statute contains a proviso or exception in the same substantive clause on which the action or defense is founded, although the declaration or plea must deny that the cause of action or defense is within the proviso or exception, yet it is not necessary for the party to prove the negative; but it rests with the other party to prove the affirmative. * * * The discharge is presumptive evidence of all the facts asserted in it, and is conclusive until overthrown by evidence of some fact which by the act avoids it. Debts arising out of a violation of an official or private trust are not affected by it, unless the creditor chooses to prove the demand under the bankruptcy. The discharge, it is true, is general in its terms, and *prima facie* is a discharge of the bankrupt from all his debts. But the creditor may, notwithstanding, show that his debt is of the excepted class. The *onus*, however, is on him, and if he fails to make the proof, the debt will be taken to be one of an ordinary character."

In *McCabe* v. *Cooney*, Vice Chancellor SANFORD said: "Nor do I think it necessary for the answer to allege that the complainant's debt was not within the excepted debts which are excluded from the operation of the law. That fact, like any other matter, intended to avoid the effect of the discharge,

must be shown by the complainant. In support of the answer the certificate of the defendant's discharge is sufficient evidence for him until it is impeached or avoided."

In *Chapman* v. *Forsyth* the court said : " From these considerations, we are led to say in answer to the third question, that, unless a fiduciary creditor shall come into the bankrupt court, prove his debt, etc., he is not bound by the discharge, but may sue for and recover his debt from the discharged bankrupt, by showing that it was within one of the exceptions of the first section."

While the cases are not uniform upon the subject, according to the decided weight of authority it is not necessary for the defendant to prove a negative by showing that the debt is not one of those excepted by the act, but it is necessary for the plaintiff to show as an affirmative fact in answer to the plea of a discharge in bankruptcy that the debt sued upon falls within the exceptions. Any other rule would be clumsy and inconvenient, for it would require the defendant to prove the negative of at least a dozen propositions. The plaintiff in this action failed to meet the burden of proof which the law casts upon it. There was neither a finding, nor evidence to warrant a finding that the debt was one of those excepted by section seventeen. While it appeared that the debt was not scheduled in the name of the plaintiff, it also appeared that it was scheduled in the name of the payee of the note and the vendor of the goods for which the note was given, and that notice of the bankruptcy proceedings was given accordingly. Furthermore, it appeared that the plaintiff had actual knowledge of the proceedings in bankruptcy, in time to prove its debt and to apply for a revocation of the discharge.

Thus the discussion is narrowed to the real meaning of paragraph three of section seventeen, which I repeat for convenience ; debts are not discharged which " have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." The failure to schedule is not conclusive, for if the

creditor had knowledge of the proceedings in bankruptcy it does not affect the discharge. While the statute does not, in terms, provide the date when notice must be given or knowledge acquired in order to take·the debt out of the exception, the context shows that it must be "in time for proof and allowance." The words last quoted show the reason upon which the exception is founded and indicate the time when notice or knowledge must come to the creditor in order to do away with the exception. The object of the act is to discharge the debtor from his provable debts, and the object of proving a debt is to enable the creditor to share in the distribution of the estate. If he has time for that, the statute is satisfied and the debt is discharged, whether he actually proves his debt or not. If the court should hold that any other date is meant, the construction would be arbitrary and without foundation in the language of the statute, which must be the sole guide. One case is cited which is directly in point upon the question under discussion. In *Fider* v. *Mannheim* (81 N. W. Rep. 2) the action was upon a promissory note and the answer set forth a discharge in bankruptcy. Before the defendant was adjudged a bankrupt he knew that the note had been transferred to the plaintiff, but, notwithstanding, he scheduled the note as held by the original payee and no notice was given to the plaintiff in the bankruptcy proceedings. It appeared, however, that the plaintiff had actual knowledge of such proceedings in time to prove his claim and have it allowed, and the court held that the note was barred by the subsequent discharge in bankruptcy.

While in the case before us the plaintiff lost the right to oppose the application for a discharge, it did not lose the right to apply to revoke it, if any ground existed therefor, which is not suggested. Moreover, if the statute means that paragraph three of section seventeen does not apply when the creditor knew of the bankruptcy proceedings in time to prove his claim, the loss of the right to resist the discharge in the first instance does not enable the plaintiff to take advantage of a technical omission to defeat the primary object of a great

remedial act, which is to relieve honest debtors from the burden of their debts, so that they can start in business again and add to the wealth of the country.

I think that the findings of fact, even when supported by the usual presumptions in aid of a judgment, do not sustain the conclusions of law and, hence, that the judgment should be reversed and a new trial granted, with costs to abide event.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT and CULLEN, JJ., concur with GRAY, J.; VANN, J., reads dissenting opinion.

Judgment affirmed. _____