HENRY REYNOLDS *vs.* HENRY P. WHITTEMORE.

Franklin.    Opinion May 27, 1904.

*Bankruptcy*, Act of 1898.    *Discharge*,—When not a bar.    Creditor not scheduled and had no notice until discharge granted.

In a case of voluntary bankruptcy under the U. S. Bankruptcy Act of 1898, if a debt was not scheduled and the creditor had no statutory notice nor actual notice of the bankruptcy proceedings until after a discharge was obtained, such discharge does not bar the debt.

*Symonds* v. *Barnes*, 59 Maine, 191, and *Hewins* v. *Whitney*, ante, p. 37, distinguished.

Exceptions by plaintiff.    Sustained.

Assumpsit on account annexed.    Plea, general issue with brief statement of defendant's discharge in bankruptcy dated Sept. 11, 1901, on proceedings begun June 8, 1901.    Replication by plaintiff that the debt declared on was not scheduled with the creditor's name by the defendant in time for proof and allowance before the discharge was granted; and that the plaintiff had no notice or actual knowledge of the proceedings in bankruptcy before that time.

The court ruled as matter of law that the action was barred by the defendant's discharge in bankruptcy, and directed judgment to be entered for the defendant.    The plaintiff was allowed his exceptions to the ruling of the court.

*B. Emery Pratt*, for plaintiff.

*E. O. Greenleaf*, for defendant.

Creditor's name was inadvertently omitted in making the list, and no claim is made that it was wilfully done.

Section 57 of Bankruptcy Act, par. "n" provides that a creditor has one year from adjudication in which to prove his claim. Though while the language puts it negatively, the meaning is clear and the same rule will apply as in probate suits against administrators, that is, the creditor is allowed the limitation of one year.

In this case, the adjudication was June 8, 1901, and the creditor had actual knowledge as early as March, 1902, within the year.

It does not appear whether the creditor was injured by not so proving his claim, nor does it appear what if any dividend the estate paid, or whether it has ever been settled, but it is assumed that there were no assets, and creditor could not have been injured.

Collier on Bankruptcy states it very clearly and succinctly on page 189, third edition, as follows, "The failure of the creditor to prove his debt, if it is provable, does not prevent it from being released by the discharge; not even in those cases where it was omitted from the schedules of debts and where the creditor was not served with a notice of the proceedings, unless the creditor can bring himself within the provisions of exception (3) of this section, which is new." And it is respectfully submitted that this creditor has not so brought himself within the exception.

It appears affirmatively that he did have notice of the bankruptcy proceedings in ample season to prove his claim; but as no assets are shown, it was of no object to prove a claim, and he waited till he thought he had an opportunity for a trustee process, which of course was his privilege unless his debt was released by the bankruptcy proceedings.

SITTING:  WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, SPEAR, JJ.

EMERY, J.  The question in this case is whether a debtor's discharge, under the present bankrupt law, is a bar to the provable debt of a creditor, whose name and claim were not included in the bankrupt's schedule of creditors, and who had no notice nor knowledge of the bankruptcy proceedings until about six months after the discharge was granted, but within the year allowed by the statute for proving debts.

We are constrained to the conclusion that the discharge, under these circumstances, is not a bar to an action subsequently brought by such a creditor.

The facts are these:—

The debtor filed his petition and was adjudged a bankrupt June 8th, 1901, and received his discharge September 11th following.

Neither the name of the plaintiff nor the debt due him was scheduled in the defendant's list of creditors, nor did he have notice or actual knowledge of the proceedings until March 7, 1902.

The statute relating to debts not affected by a discharge reads thus: (debts not affected by a discharge) § 17.  .  .  .  (3) "have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy.  .  ."

It is a fundamental principle of the common law that a judgment of the court is not binding and does not affect persons who are not made parties to proceedings.  Says WALTON, J., in *Penobscot R. R. Co.* v. *Weeks,* 52 Maine, p. 458: "No court can rightfully render judgment in a cause until it has acquired complete jurisdiction over the parties, the subject matter of the suit, and the process.  Such jurisdiction is not acquired until the defendant is in some way notified of the pendency of the suit.  If, upon inspection of the record, a judgment appears to have been rendered without such notice, it is absolutely void,—a mere nullity."  And this is announced as a maxim of natural justice and universal application by Marshall, C. J., in *The Mary,* 9 Cranch, 126.

Under the Insolvent Law of Maine of 1878, we have accordingly held that the dismissal of a petition in insolvency, after an adjudication and the issuing of a warrant, should take place only after proper notice and opportunity for hearing all parties interested.  *McIntire* v. *Robinson,* 81 Maine, 583.

We think that clause (3), above cited, was intended to prevent the injustice which occurred under the former bankrupt law of 1867 and under the peculiar provisions of which the courts found themselves compelled to hold that a creditor who had no notice of the proceedings was barred.  *Symonds* v. *Barnes,* 59 Maine, 191, 8 Am. Rep. 418, is one of the earlier decisions of the kind.  Congress must have been aware of the hardship thus occasioned to creditors being barred without notice, for in an amendment in 1874 to the bankruptcy act of 1867, known as the composition law, it incorporated a provision similar to that of clause 3.

Although creditors are allowed one year after adjudication by section 57 of the bankrupt law in which they may prove their claims, an examination of this section affords reason for the conclusion to which we have arrived.

The various purposes for which notices are to be given and claims may be proved are that creditors may be present and attend (1) all examinations of the bankrupt; (2) all hearings upon applications for the confirmation of compositions or the discharge of bankrupts; (3) all meetings of the creditors; (4) the declaration and time of payment of dividends; (5) the filing of the final accounts of the trustee, and the time when and the place where they will be examined and passed upon; (6) the proposed compromise of any controversy; and (7) the proposed dismissal of the proceedings.

It will be seen that these statute provisions are intended to cover the two branches of all proceedings in bankruptcy cases, viz: (1) the question relating to the discharge and (2) the questions relating to the administration of the assets. Creditors may desire, as is their right, to be heard upon both or only one of the questions. They may desire to be heard only upon the question of the bankrupt's examination and discharge. That is an important matter in many cases and the rights of creditors should be well guarded in this respect. It cannot be accomplished or the purpose of the statute fulfilled unless the creditor is duly notified; and it is not a forced presumption that creditors whose names are omitted from the bankrupt's schedules are not, generally speaking, likely to get knowledge of the proceedings in season to be heard before the discharge is granted.

With this view of the statute we think that, while a creditor may take the entire year to determine whether the assets of the estate will be sufficient to warrant proving his claim, and thereby assenting to the discharge, Congress intended to protect creditors who desire to be heard upon the matter of the bankrupt's examination and discharge, by requiring his name and the amount of his claim to be scheduled; otherwise the creditor, not having notice or knowledge of the proceedings prior to the discharge, shall not be barred.

In this case the plaintiff's debt was not scheduled at all, and the plaintiff had no notice nor actual knowledge of the proceedings in

bankruptcy until after the discharge was obtained. We think the statute excepts his debt from the operation of the discharge. This was the decision in *Columbia Bank* v. *Birkett*, 174 N. Y. 112, where precisely the same question was presented and considered. We have found no decision to the contrary.

It should be noted that our decision here, like that. in the case cited, is based entirely on the peculiar language of the present U. S. bankruptcy statute. It does not at all conflict with our decision in *Hewins* v. *Whitney*, ante, p. 37, which is based entirely on the very different language of our State insolvency statute.

The presiding justice having ruled that the debt was barred by the discharge, the entry must be,

*Exceptions sustained.*