HEIN et al. v. LIBERMAN et al.

(Supreme Court, Appellate Term, First Department. April 21, 1913.)

BANKRUPTCY (§ 425*) — DEBTS DISCHARGED — SCHEDULES — DESIGNATION OF CREDITOR.

Where a bankrupt had notice, before filing his petition and schedules, of the transfer of his note, it was his duty to designate the transferee as the owner of the debt in the schedules; and if he acquired such knowledge after filing the schedules, he must amend them and give notice to the new creditor, unless such new creditor has notice of the bankruptcy proceedings; otherwise, the debt will not be barred by his discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 775; Dec. Dig. § 425.*]

Appeal from City of New York, Special Term.

Action by William J. Hein and Carl Kuehn, doing business as the Empire Moulding Company, against Eisik Liberman and another. From an order of the City Court, vacating a third party order in supplementary proceedings, served on the Security Bank, the depository of the judgment debtor, Eisik Liberman, on the ground that the judgment on which the supplementary proceedings were based had been discharged in the bankruptcy proceedings of Eisik Liberman, and that plaintiffs had notice of the defendant's adjudication, plaintiffs appeal. Reversed.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

Charles Soble, for appellants.
Samuel Brand, of New York City, for respondent Eisik Liberman.

GERARD, J. The defendant Liberman filed a petition and schedules in bankruptcy on February 27, 1912. He had previously executed a note, which was indorsed by his wife, to one Charles F. Keyes. This note the defendant Liberman scheduled in his bankruptcy proceedings. On March 22, 1912, the due date of the said note, plaintiffs instituted an action in the Municipal Court, claiming to be holders of the said note in due course. They obtained a judgment against the defendant

Liberman on April 29, 1912, after a trial at which Liberman appeared in court personally and by his attorney, and in which action he defended the said suit. The defendant Liberman was adjudged a bankrupt, however, on the 27th of February, 1912, and on the 25th of November, 1912, received his discharge.

The case of Columbia Bank v. Birkett, 174 N. Y. 112, 66 N. E. 652, 102 Am. St. Rep. 478, does not apply, because in that case the debtor, before filing his schedules, knew of the transfer of the note. Section 17, subd. 3, of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428]) provides that a bankrupt is not discharged from those debts—

"which have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual notice of the proceedings in bankruptcy."

I think that, therefore, if the bankrupt learns of the transfer of a debt, made after the filing of his schedules and before his discharge, then he must amend his schedules and give notice to the new creditor; but, if such new creditor has notice of the bankruptcy proceedings, such an action on the part of the bankrupt is not necessary. Here the bankrupt had notice, by the action commenced against him, of the transfer of the debt, made after he filed his schedules and petition.

It is claimed, however, by the respondent, that he has proof that the creditor had actual notice of the proceedings in bankruptcy. We shall therefore reverse the order, without costs, but with disbursements to appellants, and without prejudice to respondent's application for a reargument in the court below. All concur.