M. B. EAVES AND BROTHERS v. W. P. LEVI.

Eastern Section.   February 23, 1929.

Petition for Certiorari denied by Supreme Court, April 13, 1929.

G. C. Eaves, of Chattanooga, for appellants.

H. W. Schoolfield, of Chattanooga, for appellee.

DeWITT, J. The determinative question is whether or not a claim of appellants M. B. Eaves and Brothers against the appellee Wm. P. Levi was discharged in bankruptcy, the said Levi having obtained a discharge; and this depends upon the due scheduling of the claim in the schedule of liabilities as requird by the National Bankruptcy Law.

The claim was listed by Levi, as a voluntary bankrupt, in his schedule of liabilities, as follows:

"M. B. Eaves & Bros., Chattanooga, Tenn. Judgment, H. B. Caulkins, J. P., $60."

The bankruptcy act contains the following applicable provisions:

Section 7 "The bankrupt shall . . . (8) prepare . . . and file a list of his creditors, showing their residences, if known, if unknown that fact to be stated, the amounts due each of them, the consideration thereof, etc."

Section 17 "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as . . . (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy."

Of course, if this debt was duly scheduled, it was constructive notice to the creditors and has been discharged. If it was not duly scheduled, it must be treated as not having been discharged, for the appellant creditors have pleaded a total want of notice or actual knowledge of the proceedings in bankruptcy, and the appellee, the bankrupt has introduced no testimony in order to carry the burden which would be upon him to show that said creditors had knowledge of the proceedings, in order to be relieved from the debt. Hill v. Smith, 260 U. S., 592, 67 L. Ed., 419. Much might be written concerning the strictness of the requirement as to due scheduling of liabilities, and with particular reference to stating the residence of a creditor. An examination of the many cases (see notes in 7 C. J., page 405) discloses the rule running through them that each case must be determined upon its own facts in order to arrive at a proper and reasonable application of the rule. In Bartlett v. Taylor (Mo. Ct. of Apps.) 238 S. W., 141, it is said:

"The requirement for duly scheduling the names of creditors is in compliance with the generally recognized principle that

one cannot be barred of his claim without the opportunity of having his day in court. It is for the benefit of the creditors and in the interest of fair dealing with them and must be construed in harmony with this purpose.''—Citing Bank v. Birkett, 174 N. Y., 112, 66 N. E., 652, 102 Am. St. Reps., 478, affirmed in 195 U. S., 345, 49 L. Ed., 231; Custard v. Wigderson, 130 Wis., 412, 110 N. W., 263, 10 Ann. Cas., 740.

This case however is controlled by the decision of the United States Supreme Court in Kreitlein v. Ferger, 238 U. S., 21, 59 L. Ed., 1184, that a notice to a creditor in his own proper name at the City of Indianapolis, Indiana, without giving his street address, was sufficient to discharge the bankrupt from the debt. It is true that in that case there was nothing to show that the bankrupt actually knew the creditor's street and number; nor is there any evidence of such knowledge on the part of the bankrupt in the record before us. In the opinion in that case this question of sufficient designation of residence is exhaustively discussed, and the rule is finally declared that the circumstances in each case shall govern. In the opinion it is said that none of the cases denying the insufficiency of the schedules (which cases are analyzed in the opinion) holds that, as a matter of law, the discharge was rendered inoperative merely because the street number was not given in the schedule. The court held that it was sufficient to say that there was nothing to show that any local bankruptcy rules requiring designation of the street address had been made in the Indiana district, nor was there proof as to what was the creditor's street address; or that the bankrupt knew such address at the time he made the schedule; or that the notice might not have been delivered during the creditor's absence from the City, and not received by him on his return; nor was there any evidence to show that the creditor did not constantly and promptly receive letters addressed to him at Indianapolis without the street number being given. The court also said that as to the omission of street address the act must be given a general construction, as in the light of the fact that letters directed to persons by their initials are constantly, properly and promptly delivered in the greatest cities of the country even when the street number is not given; that to lay down the general rule that the schedule must give the name of the creditor and the city and street number of the residence of those living in the largest cities, would in a multitude of cases, destroy the beneficent effect of the bankruptcy act.

That case is strikingly apposite to the case before us. We know judicially that Chattanooga, Tennessee is a smaller city in population than Indianapolis, Indiana. We therefore held that the claim of the appellants was duly scheduled in the list of liabilities of

the bankrupt and that even if the appellants had no actual notice or knowledge of the bankruptcy proceedings, the debt was discharged in bankruptcy.

On December 9, 1918 appellants recovered a judgment for $67.08 before H. B. Caulkins a Justice of the Peace against the appellee. They filed this bill in April, 1919 and were awarded a decree for said sum and interest upon said judgment as unsatisfied. On January 17, 1925 appellee filed his petition in bankruptcy listing appellants' claim as aforesaid. He was later duly discharged in bankruptcy. In December, 1927 the appellants caused a garnishment to be served upon the employer of appellee reaching a sum of money due him. The appellee filed a petition in this cause exhibiting certified copies of his petition, schedules and discharge in bankruptcy, and praying that the execution be quashed and the garnishment discharged. No testimony was taken but the appellants relied upon their want of notice or knowledge and the alleged insufficiency of the schedule of the claim.

For the reasons given the decree of the Chancellor that the debt had been discharged in bankruptcy and that the execution be quashed and the garnishment discharged, is affirmed. The costs of the appeal will be adjudged against the appellants and the surety on their appeal bond.

Faw, P. J., and Crownover, J., concur.