Milton M. Wecht, J.
This is a motion for summary judgment. Plaintiff, an assignee, brings this action to recover the sum of $7,391.31. Defendants Saul Kassan and Murray Kassan interposed an answer but only Saul Kassan defends this motion. Defendants Plevy and Shotsky appeared but did not answer.
The essential facts admit of brief comment. On or about June 13, 1952 defendants made and delivered their respective notes to the National City Bank in the sum of $14,000. Prior to maturity, one Morris Birer indorsed the said notes and guaranteed their payment to the bank to the extent of 60% thereof. On the due date the notes were presented for payment but payment was refused and not made. Thereafter (on September 29, *134 1953 and December 2,1953) Morris Birer paid the bank $7,391.31 as per his indorsement and guarantee. Subsequently, on February 7, 1955, Morris Birer assigned to the plaintiff all his right, title and interest in and to his claim against the defendants. Plaintiff brought this action to recover on his assigned claim. Defendants Saul Kassan and Murray Kassan interposed an answer constituting a general denial and set up, as a second and separate defense, that the debt owed by them has been completely discharged through bankruptcy. Plaintiff now brings this motion for summary judgment, which is opposed only by defendant Saul Kassan.
Plaintiff’s position is that though defendant has been discharged in bankruptcy plaintiff’s claim has not been discharged since the schedules in bankruptcy submitted by defendant Saul Kassan fail to reveal that plaintiff or plaintiff’s assignor were in fact scheduled in the bankruptcy petition and that, absent proper scheduling, a discharge in bankruptcy does not discharge the obligation. On the other hand, defendant Saul Kassan’s sole contention is that the discharge in bankruptcy (documentary proof submitted) discharged the obligation herein.
Section 17 of the Bankruptcy Act (U. S. Code, tit. 11, § 35) provides: ‘1 A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor -had notice or actual knowledge of the proceedings in bankruptcy ”.
In the case at bar defendant Saul Kassan lists only the National City Bank as a creditor in the schedules in bankruptcy dated June 15, 1954; however, plaintiff’s assignor, Morris Birer, is not so listed. Plaintiff’s assignor certainly was a creditor of the defendants herein at the time the defendant filed his bankruptcy, not only having guaranteed payment of part of defendants’ debt (60%), but paying on his guarantee, as is evidenced by the two checks attached to plaintiff’s moving papers, made payable to the National City Bank, totaling $7,391.31, dated September 29, 1953 and December 2, 1953, respectively. Thus, since plaintiff’s assignor was not scheduled by defendant Saul Kassan, that obligation was not discharged, for, as stated by the Court of Appeals in the case of Columbia Bank v. Birkett (174 N. Y. 112, 116, affd. 195 U. S. 345): “ The schedule of debts, which the bankrupt is to file with his petition, furnishes the basis for the notices which the referee, or the court, is to give thereafter to the creditors, and, thus, the bankrupt appears to be made responsible for the correctness of *135 the list of his creditors. That he is to suffer, in the case of his failure to state the name of the creditor, to whom his debt is due, if known to him, seems to me very clear from the reading of section 17 of the act. That excepts from the release of the discharge all debts, which 1 have not been duly scheduled in time for proof and allowance, with the name of the creditor.’ ” Therefore, the present plaintiff, as assignee of the rights, title and interest of the claim of Morris Birer (which assignment is submitted in plaintiff’s moving papers), against the defendant herein, succeeds to the same rights and interests as that of his assignor. Thus, since the defense of discharge of bankruptcy interposed by defendants Saul ICassan and Murray Kassan is not available to these defendants as against plaintiff’s assignor, likewise this defense is unavailable as against plaintiff assignee. The defense being stricken and no issues of fact being presented, plaintiff’s motion for summary judgment is granted in all respects as against all the defendants herein. Settle order on notice.