HEYWOOD BOOT AND SHOE COMPANY, Respondent, v. MURRAY N. RALPH, Appellant.

*Costs — tender of an amount in settlement of an action — it must be paid into court at the commencement of the action.*

A defendant, in an action brought to recover the agreed price of goods sold and delivered, who makes a tender of an amount in settlement of the plaintiff's claim, and does not keep the tender good by paying the amount thereof into court at the commencement of the action, and by alleging that fact in his answer, is not entitled to costs, although the verdict rendered for the plaintiff is not in excess of the amount so tendered, and although such amount is paid into court on the day of the trial of the action.

APPEAL by the defendant, Murray N. Ralph, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of St. Lawrence on the 24th day of May, 1894, upon the verdict of a jury, rendered by direction of the court, after a trial at the St. Lawrence Circuit.

This action was brought to recover the agreed price of goods sold and delivered. The amount claimed in the complaint was $185.35, with interest from August, 1893. Prior to the commencement of the action the defendant offered to the plaintiff's attorney the sum of ninety-six dollars and sixty cents and certain merchandise in settlement of the plaintiff's claim, which offer was refused. Upon the trial judgment was directed for the plaintiff for the sum of ninety-six dollars and sixty cents.

*Lawrence Russell*, for the appellant.

*F. N. Cleaveland* and *Ledyard P. Hale*, for the respondent.

HERRICK, J. :

The judgment in this case should be affirmed. The defendant did not keep his tender good by paying the amount thereof into court, at the commencement of this action, and alleging that fact in the answer. It was not paid into court until the day of trial, too late to stop the costs of the action and too late to stop the running of interest, the purposes for which it is required the tender should be

made and kept good by a deposit in court. (*Becker* v. *Boon,* 61 N. Y. 317; *Halpin* v. *Phœnix Ins. Co.,* 118 id. 165.)

The judgment should be affirmed, with costs.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment affirmed, with costs.