1. BANKRUPTCY (§ 436*)—ACCOUNTING—CLAIMS AGAINST ESTATE—DISCHARGE IN BANKRUPTCY—BURDEN OF PROOF.

Where, on an administrator's accounting, creditors prove judgments recovered against decedent, and his next of kin prove discharge in bankruptcy after recovery of the judgments, the burden is on defendants to show that the debts for which the judgments were recovered were such as by law are excluded from the operation of a discharge in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 436.*]

2. EXECUTORS AND ADMINISTRATORS (§ 509*)—ACCOUNTING—OPENING DECREE—ERRORS OF LAW—"SUFFICIENT CAUSE."

Where creditors of a decedent's estate presented judgments as claims against the estate, and assumed that the burden of proof was on the next of kin to show that the judgments were not within the class excepted from the operation of the discharge in bankruptcy, the error in such assumption was not sufficient cause within Code Civ. Proc. § 2481, subd. 6, for opening a decree settling the administrator's account.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 509.*

For other definitions, see Words and Phrases, vol. 7, pp. 6760–6761.]

In the Matter of the Estate of William P. Peterson. Application to open decree on judicial settlement of administrator's account. Application denied.

See, also, 121 N. Y. Supp. 738.

Henry Donnelly and Fred L. Eaton, for the motion. Creighton S. Andrews, opposed.

DAVIE, S. A decree was made judicially settling the accounts of the administrator July 14, 1909. Upon the return of the citation in the proceedings for judicial settlement several judgment creditors appeared, made due proof of the rendition and docketing of their respective judgments against the decedent and asked that the decree di-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

recting distribution should provide for the payment of their claims, there being sufficient assets to satisfy all demands against the estate, including the judgments. Thereupon the administrator, on behalf of himself and the other parties interested in the estate as next of kin, made due proof of a decree of the United States District Court in voluntary bankruptcy proceedings, which decree, after the usual recitals of jurisdiction and regularity, provided:

"It is therefore ordered by the court that William P. Peterson be forever discharged from all debts and claims which by said act are made provable against his estate and which existed on the 16th day of October, 1900, on which day the petition for adjudication was filed, excepting such debts, if any, as are by law excepted from the operation of a discharge in bankruptcy." .

All of the judgments in question were obtained prior to such decree in bankruptcy, and all were obtained upon demands properly provable in bankruptcy, but it was asserted on behalf of the judgment creditors that such decree had no application to their demands, the same not having been duly scheduled, nor legal notice given them in bankruptcy proceedings. No proof of such allegation was presented, however, by these creditors, they claiming that the burden of proof rested upon the administrator of showing affirmatively that these judgments did not come within the operation of any of the four exceptions specified in section 15 of the national bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428]). It was held by the surrogate that such contention was erroneous—that the burden of proof rested upon the judgment creditors of establishing the facts which brought their demands within the scope of such exceptions; and, accordingly, by the terms of the decree these judgments were excluded from participation in the distribution of the estate. The facts in such controversy are fully set forth in the opinion of the surrogate. Matter of Peterson, 64 Misc. Rep. 217, 118 N. Y. Supp. 1077. An appeal was taken from the surrogate's decree to the Appellate Division, where the decree was unanimously affirmed and the usual order of affirmance made and entered.

Subdivision 6 of section 2481 of the Code of Civil Procedure confers upon a Surrogate's Court the power "to open, vacate, modify or set aside or to enter, as of a former time, a decree or order of his court; or to grant a new trial or a new hearing for fraud, newly discovered evidence, clerical error or other sufficient cause. The powers conferred by this subdivision must be exercised only in a like case and in the same manner as a court of record and of general jurisdiction exercises the same powers."

The reasons assigned by the moving parties, upon which is based their application for relief in this case, are as follows:

"The law was to a large extent unsettled in the state of New York at the time as to what jurisdiction the Surrogate's Court had in respect to such issue and as to the burden of proof. The Appellate Division passing upon the question in this case repudiates the doctrine laid down by the Appellate Division in the Graber Case [103 App. Div. 511, 93 N. Y. Supp. 76], and holds that the Surrogate's Court has jurisdiction to determine the issues, and that the burden of proof is upon the claimant to establish that they were not scheduled, and that they had no notice of the proceedings or at least to that effect; that on account of the decisions in the state that existed at the time the mat-

ter was tried before the surrogate the judgment creditors were justified in relying upon the Graber Case (Judge Hatch writing the opinion), and for that reason did not offer the schedules in bankruptcy proceeding or evidence to the effect that they had no notice or knowledge of the bankruptcy proceedings, and that that issue has not as yet been tried by the surrogate; that on account of the unsettled condition of the law prior to the decision of the Appellate Division in this case and believing that the court had no jurisdiction to try the issues and on account of both parties taking that position before the surrogate the judgment claimants and the attorneys for them neglected to make the proof that they could have made as to the schedule filed in the bankruptcy proceedings and as to notice or knowledge of the claimants of said proceeding."

Such application presents no inference of fraud, clerical error, or newly discovered evidence as a reason for opening the decree, but it is contended that the facts above quoted constitute a situation coming within the scope of the term "other sufficient cause," as used in the subdivision of the section of the Code above referred to. In other words, the moving parties take the position that they pursued a line of procedure on the trial of the matter before the surrogate, sanctioned to some extent by existing decisions, and it subsequently develops that such authorities were not followed or sustained. Such a state of facts does not warrant the granting of the relief sought. Matter of Tilden, 98 N. Y. 434; Matter of Hodgman, 82 Hun, 419–422, 31 N. Y. Supp. 263; Matter of Soule, 72 Hun, 594–597, 25 N. Y. Supp. 270; Matter of Hawley, 100 N. Y. 206, 3 N. E. 68; Matter of Kranz, 41 Hun, 463; Forstman v. Schulting, 38 Hun, 482; Van Tassell v. N. Y., L. E. & W. R. R. Co., 1 Misc. Rep. 312, 20 N. Y. Supp. 715; Mills v. Husson, 63 Hun, 632, 18 N. Y. Supp. 519; Tigue v. Annowski (Super. Buff.) 7 N. Y. Supp. 9.

Even if this proposition were to be disposed of favorably to the applicants, it is very doubtful whether the Surrogate's Court has the right at the present time to grant the relief asked for; an appeal having been taken to the Appellate Division from the surrogate's decree and the same having been affirmed generally by that court. Matter of Hodgman, supra; Sheridan v. Andrews, 80 N. Y. 648; Reed v. Reed, 52 N. Y. 651; Hood v. Hood, 5 Dem. Sur. 50, 51; Matter of Westerfield, 61 App. Div. 413–419, 70 N. Y. Supp. 641.

The application is accordingly denied, and an order to that effect will be entered, but without costs to either party.

Application denied.